[S. F. No. 592.   Department One.—April 6, 1897.]

## O. L. VERCOUTERE, APPELLANT, *v.* GOLDEN STATE LAND COMPANY, RESPONDENT.

CORPORATIONS—LAND COMPANY—ORGANIZATION UNDER GENERAL LAW—IN-
VALID BY-LAW—WITHDRAWAL OF STOCK.—A corporation incorporated for
the purpose of accumulating funds by the payment of each stockholder in
periodical installments, and of investing the same, and to deal in, im-
prove, buy, and sell real property, and to transact all kinds of real es-
tate business in which natural persons may lawfully engage, is not
incorporated under section 639 of the Civil Code, relating to corpora-
tions for the erection of buildings and other improvements upon real

property; but is incorporated under the general provision of title 1 of part IV of the Civil Code; and such a corporation, being forbidden to withdraw any part of its capital stock, except upon its dissolution, cannot make a valid by-law providing that a stockholder may surrender his stock and withdraw from the corporation by giving sixty days' notice, and that he shall thereupon be entitled to receive the amount paid in upon the stock.

Id.—Irregular Adoption of By-laws — Agreement by Signature of Stockholders before Incorporation — Enforcement by Corporation—Finding.—Where the stockholders signed by-laws before the organization of the corporation, such signatures constitute an agreement which the corporation thereafter formed in pursuance thereof can enforce; but the by-laws so agreed upon are not adopted regularly pursuant to section 301 of the Civil Code, which provides for the adoption of by-laws after the organization of the corporation; and a finding that the corporation has had a code of by-laws ever since about the time of its incorporation, but that it was not adopted in the manner provided by law, is justified by the fact.

Appeal from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

*John A. Wall*, and *R. P. Clement*, for Appellant.

The provisions of articles XIII and XVI of the by-laws are presumed to be within the power of the defendant, and valid. (Taylor on Corporations, sec. 284; Thompson on Corporations, sec. 5967; *Chautauque County Bank* v. *Risley*, 19 N. Y. 369; 75 Am. Dec. 347; *Kennedy* v. *California Sav. Bank*, 101 Cal. 498; 40 Am. St. Rep. 69.) The class of a corporation is determined by its articles and by-laws. (*Davis* v. *Waddington*, 49 Eng. Com. L. 43.) A corporation should be held to be of the class in which the by-laws would be valid. (See Thompson on Corporations, secs. 948, 5967.) The corporation having passed the by-laws upon the faith of which the defendant acted, is estopped as against him from asserting their invalidity. (7 Am. & Eng. Ency. of Law, 20; *Robinson* v. *Barnett*, 19 Fla. 670; 45 Am. Rep. 24; *Dodge* v. *Pope*, 93 Ind. 487; *Davis* v. *Davis*, 26 Cal. 23; 85 Am. Dec. 157; *Bates* v. *Coronado Beach Co.*, 109 Cal. 163.) If the corporation was formed

under the provisions of title 1, part IV of the Civil Code, the by-laws are not in contravention of section 309, and are valid.  Accepting a surrender of stock and paying for it is nothing more than an investment of the surplus money of the corporation in its own shares, and is allowable.  (Civ. Code, sec. 344.)  The purchase of its own shares by a corporation is not prohibited in this state, and a corporation may purchase its own shares. (*Iowa Lumber Co.* v. *Foster*, 49 Iowa, 27; 31 Am. Rep. 140; *Rollins* v. *Shaver Wagon etc. Co.*, 80 Iowa, 390; 20 Am. St. Rep. 427; *City Bank of Columbus* v. *Bruce*, 17 N. Y. 510.)

*Morrison & Foerster*, for Respondent.

The by-laws are illegal and void, and no right was thereby conferred upon any stockholder, and no obligation imposed upon the corporation.  A corporation can pass only such by-laws as are reasonable, and not in contravention of the laws of the state.  (Civ. Code, secs. 301, 354; *Reclamation Dist.* v. *Hagar*, 66 Cal. 54, 56.)  The provision in the by-laws for payment to the stockholder of the proportion of capital stock represented by his shares is clearly inhibited by section 309 of the Civil Code.  (*Kohl* v. *Lilienthal*, 81 Cal. 378, 385, et seq.; *Bank* v. *Wickersham*, 99 Cal. 655, 661; *Martin* v. *Zellerbach*, 38 Cal. 300; 99 Am. Dec. 365; Wood's Field on Corporations, sec. 365; 2 Waterman on Corporations, sec. 208; *Wood* v. *Dummer*, 3 Mason, 308, 311; Morawetz on Private Corporations, sec. 644.)  The provision as to the payment to the stockholder of the proportionate amount represented by his shares of the profits, if any, that had been made by the corporation, irrespective of whether or not they were surplus profits, is also inhibited by section 309 of the Civil Code. (*Kohl* v. *Lilienthal*, *supra;* 1 Spelling on Private Corporations, sec. 443.)  If the withdrawal of the stock be considered as a purchase by the corporation of its own shares, then the by-laws would be illegal and void, as a corporation is not permitted to purchase its own shares. (Morawetz on Private Corporations, sec. 2054; Thomp-

son on Corporations, secs. 112, 434; *Bank* v. *Wickersham, supra.*)

Harrison, J.—The defendant is a corporation under the laws of this state, and its certificate of incorporation was issued by the secretary of state June 6, 1890. The purposes for which the corporation is formed are stated in its articles to be " to accumulate funds by the payment of each stockholder in periodical installments, and of investing the same for the mutual benefit and advantage of its stockholders, and for that purpose to deal in, improve, and buy and sell real property; also for the purpose of carrying on and transacting any and all kinds of real estate business in which natural persons may lawfully engage." Prior to the issuance of the certificate by the secretary of state a code of by-laws had been prepared and signed by many who afterward became stockholders, including the plaintiff, and was afterward signed by others as they became stockholders in the corporation. Article XVI of this code of by-laws is as follows: "Any stockholder desiring to surrender his stock and withdraw from the corporation may do so by giving sixty days' notice, as provided in article XII section 2, and shall upon surrender of his stock be entitled to receive the amount due him, to be determined in the manner and paid in the time as provided in article XIII, section 2, of the by-laws."

Article XII of this code of by-laws provided that each shareholder should pay into the treasury his subscription to the capital stock in installments of one dollar each month, until the full amount of his subscription should have been paid. The plaintiff was an original subscriber for one hundred shares of stock, and paid the installments thereon from the time of his subscription up to and including February 10, 1892, amounting to two thousand nine hundred and ten dollars, and at that time gave notice of his withdrawal, as provided by article XVI of the by-laws, and demanded the repayment of the amount so paid by him. Upon the refusal

of the defendant to make such payment, the present action was brought to recover the same. The defendant, in addition to denying its liability to the plaintiff, set up a counterclaim against him for the installments that fell due upon his subscription subsequent to February 12, 1892. Judgment was rendered against the plaintiff upon his complaint, and in favor of the defendant upon its counterclaim. A motion for a new trial was made by the plaintiff, and denied. The present appeal is from this order. No appeal has been taken from the judgment.

The appellant's contention that the defendant was incorporated under title XVI, of part IV, division 1, of the Civil Code, sections 639 to 647, cannot be maintained. Section 639 of the Civil Code, as it stood at the date of the defendant's incorporation, is as follows: "Corporations organized for the erection of buildings, and making other improvements on real property, may raise funds in shares not exceeding two hundred dollars each, payable in periodical installments. Such bodies are known as land and building corporations, and may be organized with or without a capital stock."

A comparison of the articles of incorporation of the defendant with the provisions of this section shows that the purposes for which it was incorporated are entirely different from those authorized by this section. A corporation for the purposes set forth in the defendant's articles of incorporation can be made only under the provisions of title I of part IV of the Civil Code, and the finding of the court that the defendant was incorporated under the provisions of this title was fully justified.

The further finding, that article XVI of the by-laws aforesaid was illegal and void, necessarily followed. Inasmuch as under the provisions of sections 301 and 354 of the Civil Code the corporation can adopt only such by-laws as are not inconsistent with the constitution or existing laws of this state, it follows that any regulation or rule that it may adopt under the form of a by-law which contravenes the provisions of an existing law is

invalid, and has none of the elements of a by-law. Section 309 of the Civil Code forbids the withdrawal or payment to the stockholders of any part of the capital stock of a corporation, except upon its dissolution, or at the expiration of its term of existence; and section 560 of the Penal Code makes it a misdemeanor for any director to concur in any vote or act of the directors by which it is intended to withdraw, or in any manner, except as provided by law, pay to the stockholders, or any of them, any part of the capital stock of a corporation. "The inhibition runs against the directors, because they are, under the law, the managers of the business of the corporation. What the directors cannot do, the stockholders cannot do, or authorize to be done." (*Kohl* v. *Lilienthal*, 81 Cal. 387.)

The finding of the court that the defendant has had a code of by-laws ever since about the time of its incorporation is not objected to; but the plaintiff merely assigns as error the finding that "it was not adopted in the manner provided by law." Section 301 of the Civil Code provides for the adoption of a code of by-laws after the organization of the corporation, either at a meeting of the stockholders called for that purpose, or by the written assent of the holders of two-thirds of the stock. As the code of by-laws of this defendant was prepared and signed by a large number of the stockholders before the creation of the corporation, the finding of the court was justified by this fact. The signature of the plaintiff thereto, though made before the organization of the corporation, constituted an agreement on his part which the corporation which was thereafter formed, in pursuance thereof, could enforce. (*West* v. *Crawford*, 80 Cal. 19.)

Certain exceptions were taken to rulings of the court at the trial, but counsel have presented no argument in their support, and we find no error in the rulings.

The order is affirmed.

Van Fleet, J., and Beatty, C. J., concurred.