[S. F. No. 7106. Department Two.—March 9, 1917.]

## E. D. HEDGES, Respondent, v. GEORGE K. FRINK, Appellant.

CORPORATION — ILLEGAL CONTRACT FOR DIVISION OF CAPITAL STOCK AMONGST STOCKHOLDERS.—An agreement between the stockholders of an insolvent corporation and one of its creditors, by which all the assets of the corporation, except certain promissory notes, were taken over by the creditor in satisfaction of his indebtedness, and such notes were transferred to a trustee for collection, and the proceeds when collected were to be distributed amongst the stockholders, is valid to the extent that it provided for the collection of the notes by the trustee, but illegal and void in so far as it attempted to provide for a division of the proceeds amongst the stockholders.

ID.—NEITHER DIRECTORS NOR STOCKHOLDERS CAN AUTHORIZE SUCH CONTRACT.—Such a method of distributing a portion of the capital stock of a corporation is illegal and void and not permitted, whether attempted by the directors, the stockholders, or both.

ID.—CONTRACT PARTLY LAWFUL AND PARTLY UNLAWFUL.—Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, the contract is void as to the latter and valid as to the rest.

ID.—ESTOPPEL—ASSENT OF STOCKHOLDER.—The maker of one of such notes, who was also a stockholder, is not estopped by giving his assent to the illegal contract from urging its invalidity in a suit on the note.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Goodfellow, Eells & Orrick, and Goodfellow, Eells, Moore & Orrick, for Appellant.

McClanahan & Derby, and H. W. Glensor, for Respondent.

HENSHAW, J.—Appellant was indebted to the American-Hawaiian Mahogany Lumber Company, a corporation, in which he was a stockholder. His indebtedness was evidenced by his promissory note. The corporation became financially involved to such an extent that it was insolvent. It owed one C. Bolte about eight thousand dollars for money advanced by him. It owed other smaller indebtednesses. It had entered into contracts which it could not fulfill, and under one of these it apprehended a serious liability for damages. A special meeting of the stockholders was held under these circumstances and the principal creditor, Mr. Bolte, offered to take over the assets of the company in satisfaction of its indebtedness to him, and to assume all the liabilities of the company, and to guarantee protection to the individual stockholders against their stockholder's liability. A modification of this offer was tendered by the stockholders and accepted by Mr. Bolte. Under this modified agreement all of the assets of the corporation were to be made over to Mr. Bolte and retained by him under his guaranty, saving two notes and their proceeds, one of these being the note of the defendant here in

suit. Touching these notes and their proceeds it was agreed that Bolte should transfer them to respondent, as trustee for all the shareholders of the company, excepting himself. The proceeds of the notes when collected were to be distributed ratably amongst all the stockholders saving himself. The appellant as a stockholder executed this agreement and two-thirds of the stockholders joined therein. The note was indorsed by Bolte to the respondent after maturity, and respondent's title to the note and his right to proceed in this action, which is for the collection of it, is based wholly upon the agreement above set forth between Bolte and the stockholders of the corporation.

The defense to the action was that this agreement between Bolte and the stockholders was void, in consequence of which this respondent acquired no title to the note. The court found and concluded that the trust agreement was violative of section 309 of the Civil Code, but that appellant, maker of the note, who as a stockholder had entered into the agreement, was estopped to deny its validity. It therefore gave judgment accordingly, from which judgment this appeal is taken.

The language of our law and of our decisions permits of no doubt but that this attempted method of distributing a portion of the capital stock of the corporation was illegal and void. Section 309 of the Civil Code forbids it. Section 560 of the Penal Code condemns it as criminal. Such an act of distribution is not permitted, whether attempted by the directors, the stockholders, or both. (*Kohl* v. *Lilienthal,* 81 Cal. 378, 385, [6 L. R. A. 520, 20 Pac. 401, 22 Pac. 689]; *Kreamer* v. *Earl,* 91 Cal. 112, [27 Pac. 735]; *Tapscott* v. *Mexican Colorado etc. Co.,* 153 Cal. 664, 667, [96 Pac. 271]; *Burne* v. *Lee,* 156 Cal. 221, 228, [104 Pac. 438].)

The conclusion is therefore not to be avoided that in so far as this trust agreement contemplated the division by the respondent of the proceeds of these notes, the agreement itself was illegal and void, as the court found. But does this conclusion vitiate the whole contract and thus destroy plaintiff's right of action? We think not, and our conclusion is based upon the fact that the agreement between Bolte and the stockholders contains two severable and distinct objects. It is both familiar and declared law (Civ. Code, sec. 1599) that where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, the contract is void as

to the latter and valid as to the rest.    Here the essence of the agreement between the parties was that Bolte would take not all, but only a part, of the assets of the corporation for the considerations which in turn he would give.    The assets which were to remain in the corporation were these promissory notes. But instead of permitting the legal title to remain in the corporation, the devious method of collection through a trustee was agreed upon, and only after collection was the duty imposed upon this trustee of a ratable distribution of the assets.    It would seem to be quite plain herefrom that this respondent was vested with title authorizing him to reduce this chose in action to judgment and to collect that judgment. Up to that point the agreement violated no law.    The forbidden step was the next separable one which he was called upon to take—the ratable distribution of the fruits of his judgment.    An effort upon the part of this trustee so to execute this void and illegal trust could, at the instance of any party in interest, be stopped.    But there is nothing, as we construe this contract, which prevents the trustee from collecting the amount due upon the promissory note, which amount becomes an asset of the corporation for disposition under the law. Wherefore it would become the trustee's duty upon collection to pay the moneys over to the corporation, or, if this were impracticable, to seek the aid of a court of equity for its final disposition.

Appellant's position is sound, that he is not estopped by virtue of his written assent to this illegal contract, from urging its invalidity here.    No ratification or attempted ratification can validate such a contract as this, denounced by both our civil and our criminal law, nor silence an objector to its enforcement, even though he may originally have assented thereto.    (*Visalia etc. Co.* v. *Sims,* 104 Cal. 326, [43 Am. St. Rep. 105, 37 Pac. 1042] ; *Colby* v. *Title Ins. & Trust Co.,* 160 Cal. 632, [Ann. Cas. 1913A, 515, 35 L. R. A. (N. S.) 813, 117 Pac. 913]; Pomeroy's Equity Jurisprudence, sec. 805.)

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin J., concurred.

Hearing in Bank denied.