[Civ. No. 3557. Second Appellate District, Division Two.—December 15, 1921.]

## ANDREW CHILBERG, Appellant, v. CROSS LAND COMPANY (a Corporation), Respondent.

[1] CORPORATIONS—AMOUNT PAID FOR STOCK—REFUND FROM PROCEEDS OF SALE OF PROPERTY—VOID CERTIFICATES.—A certificate of a corporation agreeing to refund to a stockholder the amount paid for shares of its capital stock out of moneys received from a sale of real property of the corporation is void under section 309 of the Civil Code.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jas. W. Bell and Wm. A. Gilmore for Appellant.

Benjamin E. Page, Arthur C. Hurt, Eugene D. Williams, Horace S. Wilson and Constan Jensen for Respondent.

WORKS, J.—Plaintiff, an assignee, brought suit against defendant to recover the sum of ten thousand dollars. His predecessor in interest had bought shares of the capital stock of defendant, paying therefor the amount mentioned, at par, and there were issued to him by defendant at the same time certain obligations, or certificates, aggregating the same amount. These papers, each entitled "Refunding Certificate," were in the following form:

"The Cross Land Company, a corporation, organized and existing under and by virtue of the laws of the State of California, certify [hereby (?)] certifies and agrees:

"That Eugene Chilberg has paid into the Treasury of said corporation the sum of $1000.00, for the purpose of carrying out the present project of said corporation, to subdivide and sell in small tracts, a portion of the Rancho La Puente; that as a partial consideration for said money so paid, ten shares of the fully paid up Capital Stock of said corporation have been issued to said Eugene Chilberg.

"As a further consideration for the payment of said money, the Cross Land Company hereby agrees that it will

refund said $1000.00, so paid, to Eugene Chilberg, his heirs, executors, administrators or assigns without interest, in the following manner, to-wit:

"Thirty-three and one-third per cent (33-1/3%) of all the moneys received by said corporation from the sale of two thousand sixty-six acres, more or less, of said Rancho La Puente, more particularly described in a certain deed from Purcell, Gray & Gale, Incorporated, to said Cross Land Company, except that portion of said land to be conveyed to a water company for the purpose of placing water upon said land, shall be placed in a separate fund by said corporation for the purpose of refunding said above amount and other sums due to subscribers of stock holding like certificates. All certificate holders shall be paid from said funds in proportion to the amount set forth in their respective certificates, and said payments shall be made on the first day of July, 1912, and every six months thereafter.

"Said Cross Land Company agrees that it will not issue certificates to subscribers of stock in an amount in excess of One Hundred Fifty-five Thousand Dollars ($155,000.00) and that during the existence of this certificate and until the full amount thereof has been fully refunded that it will not cause any dividends to be declared or paid upon the capital stock of said corporation.

"No payments shall be made on this certificate unless the same is presented for the proper endorsement of the same on the back thereof, and when fully paid the same shall be cancelled and surrendered to the Cross Land Company."

By his action plaintiff sought to recover as upon a breach by defendant of its alleged obligation to "refund" as expressed in the certificates. Defendant had judgment and plaintiff appeals.

[1] It is contended by respondent that the agreement to refund is void under the terms of the Civil Code, section 309, to the effect that "The directors of corporations must not make dividends, except from the surplus profits arising from the business thereof; . . . nor must they divide, withdraw, or pay to the stockholders, or any of them, any part of the capital stock, except as hereinafter provided, nor reduce or increase the capital stock, except as herein specially provided." The trial court determined that the

refunding certificates were violative of the provisions of the section and we do not see how the same conclusion is to be avoided by us. There is no claim made by appellant that the real property mentioned in the certificates represents "surplus profits arising from the business" of respondent, even if we should be so hardy as to attempt to view them as an effort to declare dividends. In fact, appellant, directing our attention to a certain finding of the trial court, says that the lands "were at all times the gross assets of the defendant corporation." It is not contended that any sections of the Civil Code, other than section 309, make provision for such a payment as is contemplated by the refunding certificates. Appellant was clearly a stockholder of respondent, and not a lender of money to it. This much appears from the face of the certificates; and appellant himself, placing that construction upon the transaction, alleges in his complaint that his assignor "purchased of the defendant 100 shares of its capital stock and paid therefor the sum of $10,000.00, and in consideration therefor the defendant issued to" the assignor "10 refunding certificates." It is equally apparent that the certificates contemplated the payment to appellant of proceeds to arise from a disposition of a part of the corporate capital stock. These circumstances are to be viewed in connection with the further fact that from a time prior to the commencement of the action respondent has been badly if not overwhelmingly indebted. In such a situation appellant's certificates are to be considered from the standpoint of their effect upon the rights of creditors, whose claims are surely superior to his, even if it be admitted that he holds obligations of any validity whatever (*Schulte* v. *Boulevard Gardens Co.,* 164 Cal. 464 [Ann. Cas. 1914B, 1013, 44 L. R. A. (N. S.) 1156, 129 Pac. 582]). The view of the trial court that the refunding clause of the certificates was unenforceable was undoubtedly correct. In addition to the section of the code, and as illustrating the conditions under which it has a proper application, we cite, out of the many cases on the subject, the following: *Kohl* v. *Lilienthal,* 81 Cal. 378 [6 L. R. A. 520, 20 Pac. 401, 22 Pac. 689]; *Tapscott* v. *Mexican Colorado R. L. Co.,* 153 Cal. 664 [96 Pac. 271]; *Hedges* v. *Frink,* 174 Cal. 552 [163 Pac. 884]; *Talcott Land Co.* v. *Hershiser,* 184 Cal. 748 [195 Pac. 653].

Appellant, contending for the validity of the obligations, advances a variety of arguments, but their invalidity, when they are placed beside section 309, is so palpable to us that it does not appear worth while to discuss the specific arguments presented.

In view of the conclusion we have reached on the merits of the question presented, we do not find it necessary to pass upon the contention, made by respondent and sustained by the trial court, that appellant's alleged cause of action was barred by the statute of limitations.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was acting.