[Civ. No. 5716. First Appellate District, Division One.—December 10, 1927.]

GAETANO MANCINI, Respondent, v. ETTORE PATRIZI, Appellant.

Devoto, Richardson & Devoto for Appellant.

J. J. Dunne for Respondent.

CASHIN, J.—An appeal from a judgment entered against defendant in an action for the recovery of liquidated damages as provided by section 324 of the Civil Code.

The facts shown by the record are that on February 11, 1925, the defendant was the president of L'Italia Press

Co., a corporation organized and existing under the laws of California, with a capital stock of one hundred thousand dollars divided into four thousand shares of the par value of twenty-five dollars each; that on or about August 1, 1908, Emilio Chirone was the holder and owner of eight shares of the capital stock of the corporation, which stock was represented by certificate No. 19; that thereafter Chirone sold the stock and indorsed the certificate to Buffalo Brewing Co., a corporation; that the shares were sold by the latter and the certificate indorsed to one Savio, who in the year 1912 sold the same and by indorsement transferred the certificate to the plaintiff, who has ever since been the owner and holder thereof.

The plaintiff on or about February 11, 1925, presented the certificate to the defendant as president of L'Italia Press Co., and demanded that the shares represented thereby be transferred on the books of the corporation and a certificate therefor be issued to the plaintiff, which demand was refused.

It is claimed by the defendant that the refusal to make the transfer was excused by the failure to comply with a certain by-law adopted by the corporation on October 14, 1909, which reads as follows: "No share of stock in this corporation is transferable without the holder thereof first presenting the same to the office of the corporation and offering the same for sale to said corporation." The defendant offered to prove that the by-law was adopted with the knowledge and consent of Chirone, and that the corporation was ready, willing, and able to purchase the stock at its par value. Plaintiff admits that no offer to sell the stock to the corporation was made by Chirone or by any one of those to whom the certificate was indorsed, but contends that the indorsees were not charged with notice of the by-law, and further that the same was invalid.

As contended by the defendant, similar by-laws have been sustained in other jurisdictions as being reasonably necessary for the protection of the corporation and its stockholders against rivals in business or others who might purchase its shares for the purpose of acquiring information which might thereafter be used against the interests of the company; and, as provided by section 354 of the Civil Code, "Every corporation as such has the power (11) to

438

make by-laws not inconsistent with any existing law for the management of its property and the liquidation of its affairs and for the transfer of its stock."

At the time the by-law was adopted the directors of corporations were prohibited by statute except as specially provided from dividing, withdrawing or paying to the stockholders or any of them any part of the capital stock of the corporation except such part as remained after payment of all its debts upon its dissolution or the expiration of its term of existence (Civ. Code, sec: 309; Stats. 1905, p. 558); and by the amendment to the section adopted in 1907 (Stats. 1917, p. 657) the inhibition was continued unless permission should be first obtained from the commissioner of corporations. Under this section capital stock means the assets with which the corporation carries on its corporate business (*Tapscott* v. *Mexican-Colorado etc. Co.*, 153 Cal. 667 [96 Pac. 271]; *Burne* v. *Lee*, 156 Cal. 222 [104 Pac. 438]); and the inhibition contained therein runs not only against the directors but against the stockholders as well (*Kohl* v. *Lilienthal*, 81 Cal. 387 [6 L. R. A. 520, 20 Pac. 401, 22 Pac. 689]; *Vercoutere* v. *Golden State Land Co.*, 116 Cal. 410 [48 Pac. 375]). It is the rule in California that a corporation is not authorized to purchase its own stock except as provided by statute unless the transaction be necessary to save itself from loss as by taking the same in satisfaction of a loan (*Ralston* v. *Bank of California*, 112 Cal. 208 [44 Pac. 476]), since the result would be to illegally withdraw and pay to a shareholder a part of the capital stock (*Bank* v. *Wickersham*, 99 Cal. 655 [34 Pac. 444]; *Schulte* v. *Boulevard etc. Land Co.*, 164 Cal. 464 [Ann Cas. 1914B, 1013, 44 L. R. A. (N. S.) 156, 129 Pac. 582]; *Poultry Producers, etc.*, v. *Barlow*, 189 Cal. 278 [208 Pac. 93]). It has also been held that a by-law, assuming to give a stockholder the right upon notice to withdraw from a corporation and receive upon the surrender of his stock the amount paid, is invalid for the same reason (*Vercoutere* v. *Golden Gate Land Co.*, *supra*); and also that a clause in a subscription agreement purporting to give a corporation the right at its option to purchase its shares from its stockholders, is illegal (*Poultry Producers, etc.*, v. *Barlow, supra*). Likewise, in *Chilberg* v. *Cross Land Co.*, 55 Cal. App. 678 [204 Pac. 28], an agreement by a corporation to

refund to a stockholder the amount paid for shares of its capital stock from moneys to be received from the sale of corporate assets was held to be void under the section mentioned.

It was held in *Stewart* v. *Stewart Hotel Co.*, 33 Cal. App. 167 [164 Pac. 620], that under the circumstances there shown a transfer to a corporation of the shares therein held by certain of its stockholders, instead of diminishing, had the effect of increasing to the extent of the value of the shares the assets or capital stock of the corporation. The court in its opinion referred to the general rule above and to the exception thereto found in *Ralston* v. *Bank of California* and *Schulte* v. *Boulevard etc. Gardens Co.*, *supra*, as follows: "We feel authorized to assume that the court meant to say that circumstances might arise other than such as appear in those two cases where the corporation would be justified in taking over the shares of one of its stockholders, and that each case must be governed by its own peculiar facts; and that the general rule, though well settled in this state, is not inflexible and unyielding."

It is urged by defendant that the plaintiff was unfriendly to the corporation and its officers, and that the present case is therefore within the exception. It does not appear, however, from the pleadings, the offer of proof nor from any evidence in the case that such was the fact, nor is it contended that the plaintiff was a rival in business whose ownership of the stock might prove detrimental to the interests of the company.

It is manifest that the effect of the purchase by the corporation would have been to divide, withdraw, and pay to the holder of the certificate a part of the assets or capital stock of the corporation, and that such purchase was not necessary within the rule stated in the above decisions, in order to save the corporation from loss.

The cases cited clearly show that except under well-defined conditions such purchases are not authorized, and that a by-law which requires or purports to authorize the officers of a corporation to make purchases of its own capital stock except under those conditions is inconsistent with the provisions of the statute and void. Moreover, the power to make by-laws is subject to the condition that they must not be unreasonable in their practical ap-

plication; and, as the law neither does nor requires idle acts a by-law which prescribes as a condition to the right to transfer stock, that an offer be made the acceptance of which is forbidden is manifestly unreasonable and consequently invalid.

In view of the foregoing it will be unnecessary to consider the further questions whether the indorsees of a certificate will be charged with notice of a by-law, adopted after the certificate was issued, restricting the right to transfer the stock on the books of the company.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 9, 1928.