[Civ. No. 7401.  First Appellate District, Division Two.—November 24, 1930.]

GAETANO MANCINI, Respondent, v. ETTORE PATRIZI, Appellant.

Anthony S. Devoto and Devoto, Devoto & Richardson for Appellant.

J. J. Dunne for Respondent.

DOOLING, J., *pro tem.*—This case grows out of a dispute that has already been much litigated and the basic facts have been twice previously before the appellate courts. (*Mancini* v. *Setaro,* 69 Cal. App. 748 [232 Pac. 495]; *Mancini* v. *Patrizi,* 87 Cal. App. 435 [262 Pac. 375].) As in the two former cases, plaintiff and respondent has obtained judgment for the statutory penalty of four hundred dollars for the refusal of defendant and appellant to transfer

on the books of L'Italia Press Co., a corporation of which appellant is the president, eight shares of its capital stock represented by certificate No. 19. How respondent acquired this certificate is set out in the two opinions above cited and need not be repeated here, further than to say that he purchased it for value and without notice of the by-law relied upon by appellant to justify his refusal to recognize him as a stockholder. That by-law was adopted on October 14, 1909, and reads as follows: "No share of stock in this corporation is transferable without the holder thereof first presenting the same to the office of the corporation and offering the same for sale to said corporation."

In *Mancini* v. *Setaro,* 69 Cal. App. 748 [232 Pac. 495], the Supreme Court expressly reserved the question of the validity of this by-law in denying a petition for hearing after judgment in the District Court of Appeal. In *Mancini* v. *Patrizi,* 87 Cal. App. 435 [262 Pac. 375], the by-law was held void as authorizing a paying to the stockholder of part of the capital stock contrary to Civil Code, section 309.

In this case appellant has sought to avoid the effect of this latter decision by proving: 1. That there is in the treasury of the corporation $16,000 of undistributed profits a portion of which could be used to purchase this stock without impairing the capital of the corporation, and 2, that respondent is a competitor of and bitterly hostile to L'Italia Press Co. This latter fact is claimed to bring the case within the exception laid down in *Stewart* v. *Stewart Hotel Co.,* 33 Cal. App. 167 [164 Pac. 620]. In our view of the case we may concede without deciding that under these facts the by-law in question might be effectively invoked against a purchaser with notice of its existence.

In the case before us, however, respondent was a purchaser for value without notice or knowledge of the existence of this by-law. The certificate contained the usual recital: "Transferable on the books of the company by endorsement hereon and surrender of this certificate", and there was nothing printed on the certificate in any way calculated to advise a purchaser that the corporation had attempted to place any restriction on this right of transfer. Having issued its certificate in this form we must hold on well-settled principles that the corporation is now estopped

to assert against a *bona fide* purchaser for value a restriction on the right of transfer of which he had no notice at the time of purchasing the stock.

■ It is settled in this state that by-laws are of no binding force upon third persons having no knowledge of them. (*Newton* v. *Johnston Organ Co.*, 180 Cal. 185, 191 [180 Pac. 7]; *Anglo-California Bank* v. *Grangers' Bank*, 63 Cal. 359.) ■ And by the issuance of a certificate in regular form a corporation is estopped against a *bona fide* purchaser without notice of the facts even to assert that the certificate has been gratuitously and fraudulently issued. (*Green* v. *Caribou Oil Co.*, 179 Cal. 787 [178 Pac. 950]; *Smith* v. *Martin*, 135 Cal. 247 [67 Pac. 779].) The application of these principles is determinative of this case. ■ By issuing the certificate in the form in which it did the corporation clothed the holder with the apparent authority to transfer title to the shares of stock which it represented by indorsement in such manner as to entitle the transferee to have the stock transferred to him upon the books of the corporation without restriction. Respondent having purchased the stock in reliance upon that appearance of authority, the corporation must be held estopped to assert against him the restrictive by-law of which he had no notice or knowledge at the time of purchase.

We have carefully examined the cases from other jurisdictions cited by appellant in which similar by-laws have been enforced against purchasers of stock certificates and find nothing in them opposed to the conclusion here announced. In *Barrett* v. *King*, 181 Mass. 476 [63 N. E. 934, 935], *In re Laun*, 146 Wis. 252 [131 N. W. 366], and *Nicholson* v. *Franklin Brewing Co.*, 82 Ohio St. 94 [137 Am. St. Rep. 764, 19 Ann. Cas. 699, 91 N. E. 991], there were recitals on the certificates sufficient to put the purchaser on notice and the purchaser had actual knowledge of the restriction in *Caspar* v. *Kalt-Zimmers Mfg. Co.*, 159 Wis. 517 [149 N. W. 754, 150 N. W. 1101], *Cook Ry. Signal Co.* v. *Buck*, 59 Colo. 368 [149 Pac. 95], *Baumohl* v. *Goldstein*, 95 N. J. Eq. 597 [124 Atl. 118], and *Sterling Loan & Inv. Co.* v. *Litel*, 75 Colo. 34 [223 Pac. 753]. No case has in fact been cited by appellant where the question of estoppel was raised or discussed in connection with such an attempted restriction upon the transfer of stock.

If we are correct in our conclusion, the judgment in this case should put a definite end to this protracted litigation.

Judgment affirmed.

Sturtevant, J., and Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 24, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 22, 1931.