[S. F. No. 14546. In Bank.—December 30, 1932.]

JOSEPH VANNUCCI et al., Appellants, v. FELICE PEDRINI et al., Respondents.

Aaron N. Cohen, Daniel A. Ryan, Thomas C. Ryan, Edward Schary and George F. Snyder for Appellants.

Sylvester Andriano and Albert Picard for Respondents.

CURTIS, J.—The question presented on this appeal is the legal effect of a by-law of a corporation which was assented to by all the stockholders and of which the party dealing with the stockholders had notice and knowledge. The defendants Henry Matteucci, Oreste Matteucci, Vincent Matteucci, Evelyn Matteucci and Ida Bianchini were stockholders of the Roma Macaroni Factory, a corporation organized under the laws of this state, and while such stockholders said corporation adopted, with the acquiescence and express consent of said defendants, a by-law reading as follows:

"No transfer shall be valid or shall be registered on the books of the Company without the Order of the Board of

Directors, of any shares upon which any assessments have been levied and are unpaid, or the holders of which are indebted to the corporation on any account whatever.

"If certificates shall be lost or destroyed, the Board of Directors may order new certificates to be issued, upon such terms as they may deem satisfactory.

"The shares of stock of the Company shall not be transferable or the subject of sale or pledge, until first offered to the Company at the then book value. If said offer is refused by the Company then said stock shall be offered to the stockholders and if necessary prorated among them or such of them as desire to purchase.

"In each of the foregoing cases, if such offer shall be made and declined by the Company and the stockholders, the shares so offered shall be subject to sale, pledge or transfer, but not otherwise. The shares, if any, so purchased by the Company, shall be resold by it upon such terms as the Board of Directors may determine, but all remaining shareholders shall be first entitled to participate in the purchase in proportion to the number of shares then held by them.

"In no case shall any shares be assignable or transferable until after offer to the company and refusal by it and subsequent offer and refusal by the stockholders to purchase, as aforesaid."

Notwithstanding this provision in the by-laws said defendant stockholders sold, or at least attempted to sell, seventy-one shares of stock owned by them in said corporation, without complying with the terms and provisions of said by-law, to the defendant Camilla Pedrini, who had knowledge of the existence of said by-law and of its terms and provisions. This appeal comes to us after judgment rendered upon sustaining a general demurrer to the complaint. To be more specific, plaintiffs filed an amended complaint in which four causes of action are set out in which they asked that defendants be required to deliver to plaintiff stockholders a fair and just proportion of said seventy-one shares, or a minimum of thirty-eight shares, upon the plaintiffs paying over to said defendants the book value of said stock at the time of said pretended sale, which was alleged to be the sum of $4,282.22. The four causes of action are little more than restatements of the same facts in somewhat different form. It is not material to any issue involved to show the

several statements of these facts in said four causes of action. To each of these four causes of action the defendants interposed a general demurrer. The court sustained the demurrers and entered judgment accordingly in favor of the defendants, from which the plaintiffs have appealed.

The validity and binding effect of a by-law of a corporation somewhat similar to that set forth above have been before the appellate courts of this state in at least the following three cases of *Mancini* v. *Setaro*, 69 Cal. App. 748 [232 Pac. 495]; *Mancini* v. *Patrizi*, 87 Cal. App. 435 [262 Pac. 375]; *Mancini* v. *Patrizi*, 110 Cal. App. 42 [293 Pac. 828]. These three cases evidently arose out of the same state of facts and are relied upon by respondents to support the judgment in the instant case. The first of these three cases, in view of the language used by this court in its order denying a hearing before the Supreme Court, to the effect that ''We express no opinion as to the question of the validity of the by-law discussed in the opinion of the District Court of Appeal'', must be disregarded as authority upon the point now being considered.

In each of these three cases the plaintiff sued to recover from the secretary and president of a corporation as liquidated damages the sum of $400 under section 324 of the Civil Code, which provided for such penalty in that amount ''whenever any officer of any corporation shall refuse to make entries upon the books thereof, or to transfer stock therein, or to issue a certificate or certificates therefor to the transferee as provided by this and the next preceding section''. In those cases the transferee of said stock, the plaintiff in said actions, was a purchaser for value of the stock which defendants had refused to transfer, and purchased said stock without notice of the by-law of said corporation which provided that ''No share of stock of this corporation is transferable without the holder thereof first presenting same at the office of this corporation and offering the same for sale to said corporation''. This by-law was not complied with by the owner of said stock prior to his sale thereof to the plaintiff in said actions.

It will be noted that the facts in those cases differ in two material respects from the facts in the case now before us. In those cases the transferee or purchaser of said stock purchased the same without any notice or knowledge of said

by-law. In the present case it is alleged that the purchaser of said stock "was informed of and knew of the existence of" the by-law "providing for the offer of said capital stock to the plaintiff stockholders herein prior to such . . . purchase" by her. In the second place, the by-law considered by the court in those three cases simply provided that no stock should be sold unless the holder thereof should first offer the same to the corporation for sale. The by-law we are considering in the present instance requires that no stock shall be subject to sale "until first offered to the company at the then book value", and then provides, "If said offer is refused by the company then said stock shall be offered to the stockholders and if necessary prorated among them or such of them as desire to purchase". The three cases mentioned above, and particularly the last two, lay great stress upon the fact that the purchaser in those cases bought the stock without any knowledge of the existence of the by-law requiring a prior offer thereof to the company. They also hold that a purchase of its stock by a corporation under the law as it then stood would be in violation of section 309 of the Civil Code prohibiting the dividing, withdrawing or paying to the stockholders, or any of them, any part of the capital stock of the corporation except such as remained after payment of its debts upon dissolution. In support of the first of these two statements we quote from *Mancini* v. *Patrizi*, 110 Cal. App. 42 [293 Pac. 828, 829], at page 45, as follows:

"By issuing the certificate in the form in which it did [with the usual recitals found in certificates of stock as follows: "Transferable on the books of the company by endorsement hereon and surrender of this certificate"] the corporation clothed the holder with the apparent authority to transfer title to the shares of stock which it represented by indorsement in such manner as to entitle the transferee to have the stock transferred to him upon the books of the corporation without restriction. Respondent having purchased the stock in reliance upon that appearance of authority, the corporation must be held estopped to assert against him the restrictive by-law of which he had no notice or knowledge at the time of purchase."

In support of the other of said statements we quote from the case reported in 87 Cal. App. 435, at page 439, as fol-

lows: "It is manifest that the effect of the purchase by the corporation would have been to divide, withdraw, and pay to the holder of the certificate a part of the assets or capital stock of the corporation. . . . "

■ These three cases relied upon by respondent are not controlling in the present action. Here the by-law, assented to by all the stockholders, including the defendant stockholders, and which the defendant Camilla Pedrini had notice of before she attempted to purchase the stock, provided that the shares of stock in said corporation should not be transferable or subject to sale until first offered to the company, and if refused by the company, then to the stockholders.

■ We may disregard that portion of said by-law requiring that the stock be offered to the company, as it is severable and is in no way dependent upon the remaining part providing that an offer be made to the stockholders before any stock of the corporation is subject to sale. We then have a by-law requiring that before the stock of one stockholder is subject to sale he must offer it to the remaining stockholders and give them an opportunity to purchase the same at its then book value. Five of such stockholders attempted to sell their stock to one who had knowledge of said by-law, and without complying with the terms of said by-law. Is such a sale legal? The law upon this question seems to be well settled.

■ "Although a by-law which contravenes the Constitution and laws of the state is unenforceable as such against non-assenting stockholders, it may, nevertheless, if assented to, and is not opposed to public policy, be enforced as a contract, even though it is invalid as a by-law because unreasonable, or not properly adopted, or violative of statutory rights, or obligations. The reason for this is that a man may part with a right voluntarily, although it would be unjust to deprive him of such right by a by-law passed without his assent or knowledge." (6 Cal. Jur., pp. 718, 719.)

"It is argued that the terms upon which shares of stock may be transferred are prescribed by the statute, and that the corporation had no power to annex other conditions. So far as the power of corporate legislation is concerned, this may be conceded. And it may be assumed, for the purpose of the case, that a corporation could not make a by-law

which would operate in and of itself to create a lien upon the stock for the indebtedness of the stockholder. But the power to legislate is one thing, and the power to contract is quite another. In the language of Angell: 'What may be bad as a by-law against common right may be good as a contract, since a man may part with a common right voluntarily, of which it would be impolitic and unjust to deprive him by a by-law passed without his assent, or perhaps knowledge, by those who might not know or would not consult his individual interests.' (Angell on Corporations, 8th ed., sec. 342.) And to say, as is said by the learned counsel, that no additional limitation can be added by contract in a particular case, seems to us to be going altogether too far." (*Jennings* v. *Bank of California*, 79 Cal. 323, 325 [21 Pac. 852, 12 Am. St. Rep. 145, 5 L. R. A. 233].)

"Article IX aforesaid is, moreover, not only a by-law for the regulation of the affairs of the corporation, but it is also a contract between the parties signing the same on the one part and the corporation on the other, and may be enforced as such by the corporation. While provisions for regulating the rights of the members of a corporation as between themselves, · duly adopted by a majority of the stockholders, may not be enforceable as a by-law upon nonconsenting stockholders, yet, if assented to by all, they may be enforced as a contract." (*People's Home Sav. Bank* v. *Sadler*, 1 Cal. App. 189, 197 [81 Pac. 1029].)

Many authorities from other jurisdictions are to the same effect. (*Sterling Loan & Investment Co.* v. *Litel*, 75 Colo. 34 [223 Pac. 753] ; *Nicholson* v. *Franklin Brewing Co.*, 82 Ohio St. 94 [91 N. E. 991, 137 Am. St. Rep. 764, 19 Ann. Cas. 699] ; *Moses* v. *Soule*, 63 Misc. Rep. 203 [118 N. Y. Supp. 410] ; *Bloomingdale et al.* v. *Bloomingdale et ux.*, 107 Misc. Rep. 646 [177 N. Y. Supp. 873] ; *Baumohl* v. *Goldstein*, 95 N. J. Eq. 597, 602 [124 Atl. 118, 120].) In this last case the court aptly says: "As among the original incorporators there seems to be no reason in principle why they should not be permitted to retain the control of the corporation in which they have embarked their fortunes among themselves, or such of them as stand by the vessel, where no question of a *bona fide* purchaser without notice is involved. In this court, where the intent of the parties is the thing sought to be enforced, every effort should be

made to hold men to agreements into which they have voluntarily entered, where the same are not obnoxious to any law or policy, and upon the strength of which others have changed their position or circumstances, or parted with a valuable consideration. It is their business and their money which is involved. It is by their efforts that success is attained, if attained at all. Surely, the public cannot be aggrieved, and individuals acting in accordance with equitable doctrines cannot be injured, because if they have no knowledge or notice of a fact they are not injured by it.''

A further discussion of the question involved herein is unnecessary. The above authorities cover the case before us completely. There is no merit in respondent's contention that the restriction against the sale of stock as contained in said by-law is a violation of section 324 of the Civil Code as it stood at the time the stock in question was attempted to be sold to Mrs. Pedrini. This section then provided that capital stock of a corporation might be transferred by indorsement of the certificate by the proprietor and delivery of the certificate. The contention that this code section renders the restriction against sale contained in said by-law invalid, we think is answered by the quotation above from the case of *Jennings* v. *Bank of California, supra.*

We of course do not express any opinion as to the facts in this case. We are simply considering them as they are alleged in plaintiffs' amended complaint. Whether plaintiffs can sustain these facts by competent evidence must be determined at the trial of the action.

The judgment is reversed, with direction to the trial court to overrule the demurrers to the amended complaint filed by defendants and to permit them to answer as they be advised.

Langdon, J., Preston, J., Shenk, J., Seawell, J., Tyler, J., *pro tem.*, and Waste, C. J., concurred.

Rehearing denied.