[Civ. No. 9018.  Second Appellate District, Division Two.—March 4, 1935.]

RUTH B. BATES et al., Appellants, v. DALEY'S, INCORPORATED (a Corporation) et al., Respondents.

96

Schweitzer & Hutton and Edward H. Gaylord for Appellants.

Clive Johnson, Gibson, Dunn & Crutcher, A. E. Pennekamp and H. F. Prince for Respondents.

WILLIS, J., *pro tem.*—This is an appeal by plaintiffs from a judgment entered upon failure of plaintiffs to further amend after demurrers to their amended complaint were sustained with leave to amend.

Plaintiffs, under the liberal provisions of section 378 of the Code of Civil Procedure as amended in 1927, joined as plaintiffs in this action and each separately cast her complaint in two separate counts or causes of action. For the purpose of this decision the two sets of causes may be deemed identical in form and substance, and but one set need be considered. The first and third causes allege that each defendant is a corporation authorized to transact business in California; that plaintiff is the holder of a stated number of shares of the preferred stock of Daley's, Incorporated, represented by a numbered certificate and of a specified par value; that for a valuable consideration said certificate was issued and sold to plaintiff in accordance with the permit of the corporation commissioner of the state of California, a true copy of said certificate being attached to the complaint, marked exhibit "A" and made a part thereof; "that at the time of said purchase of said certificate by said plaintiff, said defendant Daley's, Incorporated, agreed and promised to redeem or pay on December 31, 1931,

to said plaintiff the sum of Twenty-five Dollars ($25.00) for each share of preferred stock so sold as aforesaid''; that plaintiff has demanded payment of said sum and has tendered said certificate, but that defendants have failed and refused to pay the same or any part thereof; ''that the promises on the part of said defendant to repay to said plaintiff the par value of said stock so issued to her as aforesaid was a material and controlling inducement to said plaintiff in the purchase of said stock, and plaintiff, except for said promises, would not have purchased said stock or any part thereof''; that defendant Continental Chain Stores, Inc., purchased all the assets of defendant Daley's, Incorporated, and assumed and agreed to pay all obligations of defendant Daley's, Incorporated, but has wholly failed and refused to pay plaintiff's demand, although demand was made upon both said defendants.

The second and fourth causes repeat the allegations of the first cause respecting the corporate character of defendants and the allegations last above recited respecting the Continental Chain Stores, Inc., and then allege ''that in the same transaction and/or series of transactions in the sale of pre-' ferred stock of defendant Daley's, Incorporated, said defendant received within the last year from date hereof, for the use and benefit of said plaintiff, the sum of'' $3,000 in the case of Bates and $3,400 in the case of Warner; ''that both of said defendants agreed to repay said sum, but have wholly failed and refused so to do or to repay any part thereof, and each and all of said sums are now due, owing and wholly unpaid to this plaintiff''. Exhibit ''A'', which is made a part of the complaint, purports to be a certificate for 120 shares of preferred capital stock, par value $25, issued January 16, 1929, by Daley's, Incorporated, to plaintiff Bates, it being alleged that one in the same form for 136 shares was issued to plaintiff Warner. It certifies that 6,000 shares of the company capital stock shall be known as 8 per cent preferred stock, 34,000 shares as 8 per cent preferred stock—series A, and 40,000 shares as 7 per cent preferred stock—series A. As to the 6,000 shares of 8 per cent preferred stock, the following appears in the certificate: ''Said preferred stock shall be redeemable at par on December 31, 1931, provided the corporation has the option of redeeming the preferred stock, in whole or in part, at any time and

from time to time, after 30 days' written notice by mail . . . at 105% of the par value thereof. . . . All rights of holders of the preferred stock called for redemption will cease upon the date fixed therefor, except the amount due upon redemption, without interest.'' As to the 34,000 8 per cent preferred stock—series A, the certificate provides as follows: ''The corporation has the option of redeeming the 8% preferred stock—Series A, in whole or in part, at any time and from time to time, after 90 days' written notice.'' The same provision is attached to the 40,000 7 per cent preferred stock—series A. Finally, it is provided that no preference is granted nor any distinction made between the preferred stock of either of these series and the common stock, as to voting power or liability of the holders to creditors of the corporation.

To this amended complaint defendant Continental Chain Stores, Inc., filed a separate demurrer on the general ground as to each of the causes of action stated and on special grounds as to the first and third causes of action. The special demurrer alleged uncertainty and ambiguity in that it could not be ascertained from the allegations of the complaint above quoted whether the promise to redeem or pay the certificate of stock was contained within the said certificate or was a promise collateral to said certificate; and in that it could not be ascertained from the allegations relating thereto whether the promise of Continental Chain Stores, Inc., to pay the indebtedness of Daley's, Incorporated, was or was not in writing. In a separate demurrer, entitled ''Demurrer of Continental Stores, Ltd., formerly Daley's, Incorporated'', and reciting, ''Now comes Continental Stores, Ltd., formerly known as Daley's, Incorporated, and demurs'', the amended complaint is attacked as to all four causes of action, on the general ground, and as to the first and third causes on the special grounds of uncertainty and ambiguity in that it could not be ascertained from the allegations above quoted whether the promise to redeem or pay the certificate was contained in the said certificate or was collateral to said certificate. This demurrer was apparently recognized by the trial court as the demurrer of Daley's, Incorporated, one of the defendants, and we are content to consider it as such, no point being raised herein to the contrary.

■ The order sustaining both demurrers is general, with leave to amend, and under the well-known rule, if the order sustaining either separate demurrer is good on any ground as to all the causes of action stated, the judgment following will not be disturbed. (2 Cal. Jur. 811; *People* v. *Central Pacific R. R. Co.,* 76 Cal. 29, 43 [18 Pac. 90].) With this rule in view we will first consider the separate demurrer of Continental Stores, Inc., wherein all causes of action are attacked on the general ground and the first and third causes on the special ground that it could not be ascertained from the allegations thereof whether the promise of this defendant to pay the indebtedness of Daley's, Incorporated, was in writing or not.

■ Prior to the amendment of sections 447 and 448 of the Code of Civil Procedure in 1929 it was the rule that where an agreement or contract was pleaded as the basis of a right or obligation on which the complaint or defense was founded, but it was not stated therein whether the agreement was in writing or was oral, it was presumed, as against demurrer, that the agreement was in writing. In 1929 there was added to section 447 the words ''if the plaintiff relies upon a written instrument, in whole or in part, that fact shall be pleaded''. This provision was in force when this action was commenced, being stricken from the section in 1933. This amendment had the effect of reversing the former presumption. If after the section was amended the plaintiff failed to plead the fact that he relied on a written instrument as a basis of contract obligations in his cause of action, it was presumed that the contract was oral. The purpose of the amendment is clear. It was to compel exposure of the fact as to whether the agreement relied on as basis of relief was in writing or not, to the end that legal issues might be raised by demurrer where the statute of limitations or the statute of frauds and such like might be pleaded, rather than compelling a defendant to wait and plead the same in his answer or to object to offer of proof at the trial. ■ By section 1624 of the Civil Code it is provided that contracts to answer for the debt of another are invalid unless in writing subscribed by the party to be charged or his agent. In each cause of action herein plaintiffs allege that defendant Continental Chain Stores, Inc.,

agreed to pay all obligations of Daley's, Incorporated. Under section 447 as it then stood, for the purpose of considering the pleading on demurrer, it must be presumed that such agreement was not in writing, and was therefore invalid and unenforceable. This defect was reached by the general demurrer and was fatal to all four causes in so far as Continental Chain Stores, Inc., was concerned. The special demurrer did not properly reach it because there was no uncertainty or ambiguity in the allegation in the face of the presumption that the agreement was oral. It therefore must be held that the general demurrer of this defendant was well taken and properly sustained as to all four causes of action.

The separate demurrer of Daley's, Incorporated, attacks all four causes on the general ground, and the first and third on the special ground of uncertainty and ambiguity in respect to whether the alleged promise to redeem and pay the certificate was contained in the certificate or was a collateral promise. We will take up the special demurrer first.

■ A written contract which is the foundation of a cause of action may be pleaded *in haec verba* rather than according to its legal effect, either by setting forth a copy in the body of the pleading or by attaching a copy as an exhibit and incorporating it by reference. To justify this mode of pleading, however, the instrument thus made a part of the complaint must show upon its face in direct terms, and not by implication, all the facts which the pleader would have to allege under the other mode. And if the instrument is not free from defect or ambiguity in those particulars, some definite construction must be put upon it by averment or the pleading will be subject to demurrer. (6 Cal. Jur. 478.) ■ In the first and third causes herein plaintiff pleaded the certificate by attaching a copy. It appears clear enough to us, and we are confirmed in our belief by the argument *pro* and *con* in opposing briefs herein, that a defect or ambiguity exists on the face of the certificate in respect to whether the language used therein imported and consisted in a direct promise to redeem and pay the certificate on December 31, 1931, or only contained the essentials of an option so to do at the election of de-

fendant. By their averments and their complaints plaintiffs placed a definite construction upon the provisions in question when they alleged that defendant promised to redeem and pay on December 31, 1931, and that such promise was a material and controlling inducement to plaintiffs in the purchase of said stock. Such allegations did not purport to relate to an agreement collateral to that attempted to be expressed in the certificate pleaded, but in compliance with the rule above stated plaintiffs have eliminated the ambiguity of the certificate by putting a definite construction upon it by averment in their complaint and by way of interpretation. (*Silvers* v. *Grossman,* 183 Cal. 696 [192 Pac. 534].) These averments cured the uncertainty and ambiguity and presented issuable facts which could be determined by defense pleadings or proofs at the trial, when the court passed upon and construed the instrument whose imperfection is thus put in issue. (Code Civ. Proc., secs. 1856, 1860.) Hence it follows that the special demurrer of this defendant is not well taken and could not be properly sustained; and if the contract to redeem and pay on December 31, 1931, as thus set forth *in haec verba* with the aid of these averments is a valid and lawful contract, and the complaint otherwise states all essential facts, then the general demurrer to the first and third causes is likewise not well taken.

It is contended by respondent that such a promise or agreement is void under the provisions of section 309 of the Civil Code as it existed at the date of the certificate, wherein directors of corporations were forbidden to divide, withdraw or pay to stockholders or any of them any part of the capital stock of the corporation. By the term "capital stock", as used in this section, is meant, not the shares of which the nominal capital is composed, but the actual capital, i. e., assets with which the corporation carries on its corporate business. (*Schulte* v. *Boulevard Gardens Land Co.,* 164 Cal. 464, 468 [129 Pac. 582, Ann. Cas. 1914B, 1013, 44 L. R. A. (N. S.) 156].) In support of their contention respondents rely upon the cases of *Vercoutere* v. *Golden State Land Co.,* 116 Cal. 410 [48 Pac. 375], and *Chilberg* v. *Cross Land Co.,* 55 Cal. App. 678 [204 Pac. 28]. These cases, with many others decided on similar facts, uphold

the general rule that corporations in this state may not purchase their own stock, since the result would be to illegally withdraw and pay to the stockholder a part of the "capital stock". But a contract between a corporation and a purchaser of stock therein, whereby the corporation agrees to repurchase such stock upon certain conditions, is not to be denounced as illegal or a fraud on other subscribers and creditors of the corporation, where it is not shown that any fraudulent invasion of the rights of stockholders or creditors has been attempted or would result. (*Newark Trust Co.* v. *Kriebel,* 49 Cal. App. 614 [193 Pac. 962].) And in the case of *Schulte* v. *Boulevard Gardens Land Co., supra,* where the facts and the status of the record of the court proceedings were quite similar to those herein, the court said: "In the case at bar, however, we have something more than a mere attempt by a stockholder to sell, and by a corporation to buy, shares of stock. The plaintiff is seeking to enforce a part of an entire contract under which the stock was originally issued to him. The right to return the stock and to receive the sum agreed to be paid upon such return was a material and indivisible part of the consideration upon which the plaintiff agreed to become a stockholder. As between the parties it would be manifestly unjust to permit the corporation to retain the money paid by plaintiff, and at the same time to repudiate the promise which it gave in exchange for the money. The obligation to pay, upon a return of the shares, the sum agreed to be paid, is not to be viewed as a new undertaking, arising after the plaintiff became a stockholder. The sale to plaintiff was conditional. He never became a stockholder except subject to the qualification that he might return his shares upon the stipulated terms." In the complaint in the case just quoted from it was alleged that the defendant corporation owned surplus profits exceeding corporate debts, and that defendant could comply with its contract without injury to any creditor or stockholder. In relation to which the court further said: "All that has been said is subject to the qualification that the rights of creditors are not to be affected by any arrangement between the purchaser of stock and the corporation. Undoubtedly a creditor of the corporation would be entitled to hold the conditional purchaser as

a stockholder and to insist that the amount of his subscription be made applicable to the satisfaction of the corporate debts. In most of the cases cited by appellant the courts were dealing with states of fact in which the rights of creditors were involved. But no such question arises here, the complaint alleging that the assets of the corporation are greatly in excess of its indebtedness. . . . Under the views stated, the complaint clearly states a cause of action on the agreement between Schulte and the defendant.''

In the complaint in the case at bar there is no allegation as to the status of corporate assets, and it is not alleged that there exist surplus profits exceeding corporate debts from which the redemption price of plaintiff's stock could be paid without injury to any creditor or stockholder. This defect, respondents contend, is fatal to the sufficiency of the cause of action. On the other hand, appellants contend that such matter is defensive in character and need not be pleaded by plaintiffs. As the right to enforce a contract of the nature of the one herein is limited by the provisions of section 309 of the Civil Code, and as the recognition by the court of the right to enforce a similar contract in the Schulte case was under an exception to the general rule and predicated on the affirmative showing in the complaint that the ''capital stock'' would not be depleted contrary to the provisions of that section, we are constrained to hold herein that the absence of similar allegations in the complaint in this case leaves the first and third causes of action incomplete in an essential particular, and that therefore the general demurrer was well taken and properly sustained.

The demurrers to the second and fourth causes of action were properly sustained. Counsel have characterized these causes as common counts for money had and received. They are not in the form of such common count but are ordinary complaints in the form prescribed by the code. (Sec. 426, Code Civ. Proc.; *Union Bank & Trust Co.* v. *County of Los Angeles,* 2 Cal. App. (2d) 600 [38 Pac. (2d) 442].) Each is founded on an allegation that ''defendants agreed to repay said sums'', which entirely disassociates the cause of action from that embraced in the common count for money had and received. This latter form has developed and been grafted on our system of pleadings to enable re-

covery on the basis of an obligation implied by law, where there was no express contract and no real implied contract, in order to prevent defendant from an unjust enrichment at plaintiff's expense. (*Philpott* v. *Superior Court*, 1 Cal. (2d) 512 [36 Pac. (2d) 635].) This conclusion removes these causes of action from the category of the common count for money had and received, styled *indebitatus assumpsit*, and therefore from the effect of the rule which protects such common count from a general demurrer. (*Union Bank & Trust Co.* v. *County of Los Angeles, supra.*) Since the causes of action attempted to be set up in the second and fourth causes are patently the same causes as those attempted to be set up in the first and third causes, and are founded on the same facts and the same promise as therein set forth, it follows that plaintiffs, each respectively, have but one cause of action, it being the one arising out of the stock certificate transaction. For the same reasons given in our decision as to the lack of sufficiency of facts stated in the first and third causes of action, we must hold that neither the second nor fourth cause of action states facts sufficient to constitute a cause of action, and the general demurrers thereto were properly sustained.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 3, 1935.