[S. F. No. 17752. In Bank. Aug. 30, 1948.]

In re CLAUDIA LOUISE WALKER for Disbarment of Attorneys-at-Law.

No appearance for Petitioner.

No appearance for Respondents.

THE COURT.—Claudia Louise Walker has filed an "Accusation for Disbarment" charging alleged unprofessional conduct against four attorneys-at-law. She seeks to have this court exercise, without prior recommendation from the Board of Governors of The State Bar, the disciplinary powers set forth in sections 6100 to 6118 of the Business and Professions Code. We have concluded that this proceeding should be dismissed without prejudice and, as this appears to be the first proceeding of this nature which has been filed in this court or any other court since the adoption of the State Bar Act (Stats. 1927, ch. 34; now Bus. & Prof. Code, § 6000 et seq.), we deem it appropriate to state the reasons for such dismissal.

Prior to the adoption of the State Bar Act, proceedings seeking disciplinary action against members of the bar could be instituted only in the courts. With the adoption of that act, an entirely new procedure for instituting such disciplinary proceedings was adopted, which procedure is now set forth in sections 6075 to 6087 of the Business and Professions Code. While it is specified that the new procedure shall "provide a complete alternative and cumulative method of hearing and determining accusations against members of the State Bar" (§ 6075), and that nothing in said sections "shall be construed as limiting or altering the powers of the courts of this State to disbar or discipline members of the bar as this power existed prior to the enactment of Chapter 34 of the Statutes of 1927, relating to the State Bar of California" (§ 6087), such new procedure has, since 1927, been generally accepted as the normal procedure for the hearing of all accusations against members of the bar. Rules of procedure have been adopted under the authority of section 6086, and an orderly and efficient method has been established for conducting hearings in disciplinary proceedings. After such hearings the Board of Governors of The State Bar has "the power to

recommend to the Supreme Court the disbarment or suspension from practice of members'' (§ 6078).

Under the above-mentioned sections 6100 to 6118, this court obviously has the same powers which it previously possessed independently to entertain disciplinary proceedings despite possible duplication between such proceedings and others instituted before The State Bar, but we are of the view that as a matter of policy this court should not exercise those powers unless and until the accuser has followed the normal procedure by first invoking the disciplinary powers of The State Bar. (Bus. & Prof. Code, §§ 6075-6087.) More specifically, we believe it proper to dismiss an accusation filed in this court unless it appears from the accusation: (1) that the accuser has set forth specific charges which, if proved, would constitute grounds for disciplinary action; (2) that the same specific charges have been previously presented in written form to The State Bar for the purpose of invoking its disciplinary powers; and (3) that following such presentation to The State Bar, it has arbitrarily failed or refused to grant a hearing on such specific charges or has arbitrarily failed or refused, after a hearing, to take appropriate action.

It appears from the accusation herein that in 1939, the accuser's mother instituted proceedings as the result of which the accuser was committed to the Stockton State Hospital. The alleged unprofessional conduct of the named members of the bar consisted of alleged acts or omissions on their part in connection with the proceedings resulting in her commitment, or in connection with her guardianship proceedings, or in connection with her subsequent efforts to have the record of the commitment expunged or to obtain financial redress. The only allegations with respect to any attempt to follow the normal procedure by first invoking the disciplinary powers of The State Bar are as follows:

''That affiant has on several occasions in the past interviewed the Secretary of the State Bar Association and after explaining the situation involved was informed by him that he could take no action, that in December 1947 a Subcommittee Hearing was held on one item and the Subcommittee did not even take the trouble to make notes or to comparatively study the statements made on which to base a sound conclusion, and at that time the Secretary of the State Bar Association recommended against a hearing concerning Attorney Melvin Belli mentioned herein, and that for this reason

affiant is filing this accusation direct with the Supreme Court of the State of California.

Assuming that the accuser has set forth in the accusation specific charges which, if proved, would constitute grounds for disciplinary action, it is clear that the quoted allegations are wholly insufficient to show either that the same specific charges have been previously presented in written form to The State Bar for the purpose of invoking its disciplinary powers or that, following such presentation, The State Bar has arbitrarily failed or refused to grant a hearing on such specific charges, or has arbitrarily failed or refused, after a hearing, to take appropriate action. The vague allegations of the accusation concerning some form of interviews with the secretary of The State Bar, and concerning some form of hearing held by a subcommittee "on one item" fall far short of the showing which should be required of the accuser when seeking independently to invoke the disciplinary powers of this court.

It is therefore ordered that the accusation be dismissed without prejudice.

Petitioner's application for a rehearing was denied September 27, 1948.