[Civ. No. 15987.   First Dist., Div. One.   Mar. 2, 1955.]

SARAH BOLLOTIN, Petitioner, v. CALIFORNIA STATE PERSONNEL BOARD et al., Respondents.

SARAH BOLLOTIN, Appellant, v. JAMES W. HARVEY et al., Respondents.

Sarah Bollotin, in pro. per., for Appellant.

James H. Phillips, in pro. per., Harry P. Glassman, Frank S. McGorty, Lillick, Geary, Olson, Adams & Charles, Joseph J. Geary and Gary J. Torre for Respondents.

WOOD (Fred B.), J.—Plaintiff Sarah Bollotin appealed "from all Orders, Rulings, Decisions and Judgments made by the Honorable Preston Devine, . . . San Francisco County Superior Court and entered in the Minute Book of Department 10 of said Court between June 25, 1953. and June 30,

1953 inclusive.'' That embraced orders made in two separate actions: (1) An action against the state personnel board to review a decision which had affirmed the action of a civil service examining board; (2) an action against a number of attorneys whom plaintiff had successively retained to represent her, also against the State Bar and two of its officers.

The appeal in the first action was dismissed April 26, 1954, because taken from a nonappealable order, a minute order vacating a previous order for the taking of depositions. (124 A.C.A. No. 4, Minutes, p. 2.) In the second action, appeals from orders affecting defendants Howard I. Paulson, Vincent Hallinan, James Martin MacInnis and Archer Zamlock were dismissed June 28, 1954, because taken from nonappealable orders, orders which sustained demurrers with leave to amend. (126 A.C.A., No. 1, Minutes, p. 2.)

For similar reasons, appeals in the second action should be dismissed as to defendants Bruce A. Werlhof (general demurrer to complaint sustained with leave to amend), Ralph Wertheimer (general demurrer sustained without leave to amend), and James H. Phillips (general and special demurrers sustained without leave to amend). There is no appeal pending as to George D. Higgins or Stanley Fleishman; the record discloses no order affecting either of them.

This leaves for consideration the appeals which affect defendants Nicholas Alaga, the State Bar, Jerold E. Weil, Jack A. Hayes, Dorothy E. Handy, James Warren Harvey, and Elmer C. Mower.

The judgment in favor of Alaga was predicated upon an order which sustained his general demurrer to the third amended complaint without leave to amend. His name first appeared in the second amended complaint and then only as the person who had been sued as Fifth Doe, with no allegation connecting him in any way with any of the transactions alleged in the complaint. His general demurrer to the second amended complaint was sustained with leave to amend. The third amended complaint made no change in respect to Alaga. It is a mere repetition of the second amended complaint insofar as he is concerned. Plaintiff argues that he was a member of one of the law firms mentioned in the complaint and responsible for the acts of members of that firm, but the complaint is wholly silent. It says nothing about Alaga in that connection or at all. Each form of the complaint was fatally defective as to Alaga and we find in the record no

basis for holding it an abuse of discretion for the trial court to deny leave further to amend when the third proved equally as defective as the second amended complaint.

The State Bar of California and Jerold E. Weil and Jack A. Hayes, officers of the State Bar, were made parties defendant by the second amended complaint. Plaintiff therein alleged she had complained to the Grievance Committee of the State Bar concerning the conduct of certain of her former attorneys. She sought damages for alleged denial of her demands and failure to accord her an opportunity to appear before the Grievance Committee of the State Bar. The general demurrer of these three defendants was sustained with leave to amend. The third amended complaint made the allegations somewhat more specific but still showed no basis for a cause of action for damages. This time the demurrer was sustained without leave to amend and the action as to these defendants was dismissed without prejudice. We find no error and no abuse of discretion in that ruling. ██ A failure, if any, of the State Bar officials to perform their duty in the initiation and conduct of a disciplinary proceeding would not create a cause of action for damages in plaintiff's favor. The law does not provide in that manner for the enforcement of the performance of duty by public officers. ██ It does accord to the individual the right to invoke disciplinary action against an attorney in the Supreme Court, upon a proper showing that ''The State Bar has arbitrarily failed or refused to grant a hearing on such specific charges, or has arbitrarily failed or refused, after a hearing, to take appropriate action.'' (*In re Walker,* 32 Cal.2d 488, 491 [196 P.2d 882].) Plaintiff chose not to pursue that remedy. She has not the alternative remedy of an action against the State Bar for damages for asserted dereliction of duty. This disposition of this issue does not, of course, carry an inference that the State Bar officials have been negligent in their duty. Indeed, plaintiff's allegations tend to indicate a lack of understanding by her of the nature of a disciplinary proceeding and a failure upon her part to cooperate in the preliminary investigation which the State Bar rules prescribe.

██ As to defendant Dorothy E. Handy, no cause of action was stated. No contract or breach of contract nor any tort, was pleaded. It was alleged that Miss Handy was employed ''as a secretary and law clerk by defendants Harvey and Mower'' despite an alleged promise by Harvey and Mow-

er to employ plaintiff in that capacity. Acceptance of such employment by Handy was not in violation of any alleged duty toward the plaintiff. The complaint also alleges that Miss Handy owed a duty to plaintiff to investigate the facts concerning the alleged professional negligence of Miss Handy's principals and to reveal those facts to plaintiff, but no legal basis for such a duty is pleaded. Moreover, those events allegedly took place during October to December, 1948, more than three and a half years prior to the filing of the complaint, a longer period than that of any conceivably applicable statute of limitations. These defects in respect to defendant Handy appeared in each form of the complaint, from the complaint first filed to and including the third amended complaint. There was no abuse of discretion in denying plaintiff the privilege of further amending as to defendant Handy.

As to defendants James W. Harvey and Elmer C. Mower, plaintiff's first cause of action sounds in contract. One contract, evidenced in writing in the form of a receipt for a retainer fee paid by plaintiff, was an undertaking to institute ''a mandamus action or other appropriate proceeding to determine [plaintiff's] eligibility for junior state librarian, based upon written examination taken on May 16, 1946.'' The complaint alleges that such a petition was filed September 17, 1948, to review the action of the state personnel board, effective September 27, 1946, which held adversely to plaintiff's claim that she was eligible for the position of junior state librarian. The complaint herein also alleges that in that mandamus action judgment was rendered not later than February 2, 1949, against the plaintiff upon the ground that said action was barred by the statute of limitations. That judgment, doubtless, was based upon section 19630 of the Government Code which limits to one year the time within which an action may be brought for wrongs or grievances based on or related to any civil service law or the administration thereof. The complaint herein alleges nothing, and we are aware of nothing that plaintiff's counsel could have done to avoid the bar of that statute and obtain a different result in that mandamus action.

Plaintiff also alleges in her first cause of action that she had been rejected as a candidate for library positions in the Oakland Public Library, the San Francisco Public Library, United States Veterans' Administration, the Department of the Army, and various other organizations, upon the ground

that although she was a graduate of a library school she was not a graduate of an "accredited" library school. She then states that she informed defendants Harvey and Mower of this situation and that they "promised to secure employment for plaintiff by abolishing said arbitrary and discriminatory system of library school 'accreditation'" and assured her they would "put an end to said unreasonable, arbitrary system of basing Civil Service Eligibility for Library Positions upon graduation from an *accredited* library school," but that they refused to undertake any litigation other than the mandamus action above mentioned, and never did anything to end the practice of basing eligibility for library positions upon library school accreditation. She also alleges that the defendants, knowing that plaintiff was unemployed and unable to obtain any kind of employment, "promised to give plaintiff such employment as they could, including their legal research and brief-typing," but failed to do so. The third amended complaint does not state whether these contractual undertakings were expressed orally or in writing. The same was true of like allegations in the second amended complaint and in the first amended complaint, despite special demurrers interposed each time by these defendants upon the ground that it could not be ascertained from the complaint whether or not the contract was written or oral. (See Code Civ. Proc., § 430, subd. 10.) Under such circumstances, after so many refusals on the part of the plaintiff, a reviewing court could not very well hold it was an abuse of discretion upon the part of the trial court to deny plaintiff the privilege of further amending her complaint. (*Billesbach* v. *Larkey,* 161 Cal. 649, 653 [120 P. 31]; *Jackson* v. *Lacy,* 37 Cal.App.2d 551, 560 [100 P.2d 313].) Furthermore, in her original complaint, plaintiff alleged that these "defendants *orally* promised to give plaintiff such employment as they could including their legal research" but they wholly failed to perform "any of the *oral* promises made to plaintiff." (Emphasis added.) The omission of the words "oral" and "orally" from all later forms of the complaint did not render them invulnerable to challenge upon the ground that the statute of limitations had run. "If any verified pleading contains an allegation which renders a complaint vulnerable, the defect cannot be cured simply by omitting the allegation, without explanation, in a later pleading." (*Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713, 716 [128 P.2d 522, 121 A.L.R. 1358]. See also *Zakaessian* v. *Zakaessian,* 70 Cal.App.2d 721, 724 [161 P.2d 677]; *Neal* v.

*Bank of America,* 93 Cal.App.2d 678, 682 [209 P.2d 825];
*Slavin* v. *City of Glendale,* 97 Cal.App.2d 407, 410-411 [217
P.2d 984].) ''Facts once alleged cannot be withdrawn from
consideration by merely filing an amended pleading omitting
them without explanation.'' (*Lee* v. *Hensley,* 103 Cal.App.2d
697, 709 [230 P.2d 159]; the facts omitted from the amended
pleading showed that the statute of limitations had run.)

█ The two-year limitation for the bringing of an action
upon an *oral* contract (Code Civ. Proc., § 339, subd. 1) com-
menced as to defendants Harvey and Mower at least as early
as February 10, 1949, when plaintiff allegedly discharged
them and employed new counsel. It had run its course by
June 12, 1952, when she filed her original complaint herein.

We observe that the first cause of action contains a few al-
legations suggestive of a theory that plaintiff is suing in part
for negligence or deceit predicated upon these defendants
having allegedly misled her by nondisclosure concerning the
potential applicability of the statute of limitations to the man-
damus action which they instituted on her behalf. Any such
theory would likewise be vulnerable to the bar of the statute
of limitations: one year in the case of negligence (Code Civ.
Proc., § 340, subd. 3); three years after discovery (in this
case three years after February 10, 1949) if for fraud or deceit
(Code Civ. Proc., § 338, subd. 4).

The second cause of action sounds in tort and, as concerns
defendants Harvey and Mower, is barred by the statute of
limitations (Code Civ. Proc., § 338, subd. 4, and § 340,
subd. 3).

For the above stated reasons we conclude that the trial court
properly sustained the demurrers of defendants Harvey and
Mower to the third amended complaint and committed no
abuse of discretion in denying plaintiff leave to further amend
the complaint. In view of this conclusion it is unnecessary to
consider the other points urged by these defendants in support
of the judgments in their favor.

█ Plaintiff has also appealed from an order by Judge
Lernhart holding Judge Devine not disqualified to sit in either
of the actions here involved. That appeal should be dismissed
because taken from a nonappealable order (*Briggs* v. *Su-
perior Court,* 215 Cal. 336, 342 [10 P.2d 53]), but the order
is reviewable upon the appeals from the judgments later
rendered. We have examined the record, including plaintiff's
affidavit, Judge Devine's affidavit in reply, and the transcript
of the hearing thereon, and find Judge Lernhart's order

amply supported. Plaintiff's charge was twofold: (1) that on January 5, 1953, Judge Devine refused a request for a two weeks' continuance of certain matters, exhibited marked hostility and ill will toward her, and, upon her assertion that she was disqualifying him, said, ''Please leave the courtroom,'' and ordered his bailiff to usher her out of the courtroom; (2) Judge Devine spoke before the Lawyers' Club of San Francisco on January 21, 1953, and was introduced as guest of honor by an attorney who was chairman of the day and a law partner of defendant Mower; that plaintiff had gone to many members of the Lawyers' Club in an effort to obtain legal counsel without avail and that that group had refused steadfastly to help her in her efforts to obtain legal aid and justice. The judge in his affidavit denied bias and prejudice; stated that the only substantial ruling theretofore made by him, other than the denial of certain continuances, was an order denying a motion to dismiss the action, a ruling which was in favor of plaintiff; that he had no reason for retaining the case in his department except that, not deeming himself in any way disqualified, he believed it was his duty to dispose of the matters herein pending before him; that it was true that he ordered his bailiff to usher plaintiff from the courtroom but this was done because she had raised her voice and was proceeding to argue after a ruling setting a date had been made by the court; and he believed he did not know defendant Mower, although it was possible he had a courtroom acquaintance with him. We have also examined the transcript of several hearings held by Judge Devine between January 2d and February 11, 1953, at which plaintiff appeared before him. We are convinced from this record that he exhibited great patience toward plaintiff and bore neither bias nor prejudice toward anyone.

The appeals from the orders sustaining the demurrers of defendants Bruce A. Werlhof, Ralph Wertheimer and James H. Phillips, and from the order holding Judge Devine not disqualified, are dismissed. The judgments in favor of Nicholas Alaga, the State Bar, Jerold E. Weil, Jack A. Hayes, Dorothy E. Handy, James Warren Harvey, and Elmer C. Mower are affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied April 1, 1955, and appellant's petition for a hearing by the Supreme Court was denied April 27, 1955.