[Sac. No. 2512. In Bank.—June 27, 1918.]

## MERCHANTS' NATIONAL BANK OF SAN FRANCISCO (a Corporation), Appellant, v. D. W. CARMICHAEL, Respondent.

ACCOUNT STATED—DEFINITION.—An "account stated" is an agreed balance of accounts; an account which has been examined and accepted by the parties; a writing which exhibits the state of the account between parties and the balance owing from one to the other, and when assented to either expressly or impliedly it becomes a new contract.

ID.—CROSS-DEMANDS—SINGLE TRANSACTION.—To constitute an account stated, it is not necessary that there should be cross-demands between the parties, or that the acknowledgment that a certain sum is due from one party to the other should relate to more than a single debt or transaction.

ID.—CONTRACT TO FURNISH WATER—CONSTRUCTION OF.—Where the owner of a tract of land, which he proposed to subdivide and sell, entered into an agreement with a water company by which the latter agreed for a certain sum per acre, the area to be determined by a subsequent survey, to execute to each purchaser a contract to furnish water perpetually to him at a fixed charge, the agreement reciting that the owner had paid a certain amount to the company of the sum agreed, a second agreement between the parties in which the company acknowledged to have received on the first contract, a certain sum as part payment of the contract, and that the balance due was a certain amount, the owner acknowledging in writing the second contract to contain a correct statement of the amount paid and the amount still due and unpaid on the contract, constituted an account stated.

ID.—ACKNOWLEDGMENT OF DEBT — IMPLIED PROMISE OF PAYMENT.— Such instrument, even if not an account stated, is an acknowledgment of a debt due which implies a promise to pay, and is a good foundation for an action.

WATER COMPANY—CONTRACT TO FURNISH WATER AT FIXED RATE— PUBLIC POLICY.—A contract by a water company to furnish water at a fixed sum and at a fixed rate is not invalid as against public policy unless the proper public authority interferes, but is valid and enforceable between the parties until the public authorities find cause to abrogate or modify it.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge.

The facts are stated in the opinion of the court.

Gavin McNab, Nat Schmulowitz, and H. S. Derby, for Appellant.

R. L. Shinn, A. L. Hart, and A. L. Shinn, for Respondent.

SHAW, J.—The plaintiff appeals from the judgment.

The complaint states a cause of action to recover $4,126.65 upon a stated account alleged to have been made between D. W. Carmichael and the American Canon Water Company, and afterward transferred to the plaintiff. The defendant denies the making of the stated account, or of any agreement to pay the money sued for. The court made findings to the effect that no account had been stated by the said parties and that no sum was found due to the Water Company from the defendant Carmichael, and that he never agreed to pay said sum of money. Thereupon judgment was given for the defendant. It is claimed that this finding is contrary to the evidence.

Carmichael was the owner of a tract of land containing 1,126.64 acres, more or less, which he proposed to subdivide and sell to purchasers in small tracts. He desired to make some arrangement whereby water could be furnished for irrigation and domestic use on said tracts. With this in view he and said Water Company, on December 16, 1912, entered into an agreement whereby the Water Company agreed that for a sum equal to ten dollars an acre for each acre of Carmichael's land, the area to be determined by a subsequent survey, which sum Carmichael thereby agreed to pay to said Water Company, it would execute to each of the expected buyers of tracts of said land a contract to furnish the tract bought by them with water perpetually, at the yearly charge of four dollars per acre for irrigation and one dollar a month for domestic use, the said right to be appurtenant to such tract so bought. The agreement recited that Carmichael had paid to the Water Company seven thousand dollars of the sum agreed to be paid by him as aforesaid. The second agreement was as follows:

"Sacramento, Calif. December 16, 1912.

"This is to acknowledge that American Canon Water Company, has this day received from D. W. Carmichael on ac-

count of contract-of even date herewith, for the furnishing of water on 1,126.64 acres of land on the Haggin Grant, the sum of $7,000.00, gold coin of the United States of America, as part payment of the said contract. That the balance due on said contract is the sum of $4,126.65.

"AMERICAN CANON WATER COMPANY,

"By O. G. HOPKINS,

"Attorney.

"I hereby acknowledge the foregoing to be a correct statement of the amount paid and the amount still due and unpaid on said contract.

"D. W. CARMICHAEL."

An account stated is defined as "an agreed balance of accounts; an account which has been examined and accepted by the parties." It is not necessary that there should be cross-demands between the parties, or that the defendant's acknowledgment that a certain sum is due from him to the plaintiff should relate to more than a single debt or transaction. (*Baird* v. *Crank,* 98 Cal. 297, [33 Pac. 63].)

"An account stated is a document—a writing—which exhibits the state of the account between parties and the balance owing from one to the other, and when assented to, either expressly or impliedly, it becomes a new contract." (*Coffee* v. *Williams,* 103 Cal. 556, [37 Pac. 504]; *Gardner* v. *Watson,* 170 Cal. 574, [150 Pac. 994].)

The first agreement created an indebtedness from Carmichael to the Water Company. On its face it showed that the amount of the original debt was $11,266.40, with a credit thereon of seven thousand dollars, which would leave a balance of $4,266.40.

The second agreement expressly states that the balance due on the original debt is $4,126.65. The evidence shows that the first contract is dated November 30, 1912, and that it was acknowledged on that day by the executing officers of the Water Company, that some time after that date the second agreement was prepared, and that both were finally executed by delivery on the same day, December 16, 1912. It is conceded that the second refers to the first. The recital in the second that the first is "of even date" with the second was a clerical error. The difference in the balance shown in the respective documents would appear to have been the result of error, or of payments made after the partial execution

of the first. It is apparent from the terms of the second that its delivery, in contemplation of law at least, succeeded the delivery of the first. It assumes the pre-existence of the first agreement as a subsidiary contract. It does not itself create the original obligation, as claimed by respondent; it refers to the first agreement as the foundation thereof. The authorities cited by respondent to the effect that "an account stated cannot be made to create a liability when none existed before" are, therefore, not in point.

Nor does the second agreement constitute a mere calculation of the amount due as fixed by the terms of the first agreement, so as to bring it within the rule declared in cases like *Jasper* v. *Lamkin,* 162 Ala. 388, [136 Am. St. Rep. 34, 24 L. R. A. (N. S.) 1237, 50 South. 337], where it was held that a statement of the amount due for principal and interest on promissory notes, made by the holder thereof and assented to as correct by the maker, is not an account stated. Here the amount to become due was not fixed with certainty by the first agreement. It was made to depend on the number of acres in the tract of land, which was to be ascertained by a survey. The second agreement obviated the necessity for a survey, or was the result thereof. In either case it differentiates this case from those referred to. But even if it could be said that the instrument cannot be sued on as an account stated, the plaintiff would still be entitled to recover. The complaint alleges its execution, a copy of it is made a part of the complaint, and there are allegations that defendant agreed to pay the amount stated therein, that payment had been demanded of him, and that he has failed to pay the same or any part thereof. The instrument is an acknowledgment of a debt due, the law implies a promise to pay the same, and it is a good foundation for an action, being in effect a due-bill.

Respondent suggests that the first agreement was an attempt to bind a public water company by a contract to furnish water for a fixed sum and at a fixed rate, and intimates such a contract is against public policy and invalid. But such a contract is valid unless the proper public authority interferes. Unless the public authorities find cause to abrogate or modify such contract, and until they do so, it is valid and enforceable between the parties. (*Southern Pacific Co.* v. *Spring Valley Water Co.,* 173 Cal. 297, [L. R. A. 1917E, 680,

159 Pac. 865].)   Moreover, it does not appear by anything printed in the briefs that the Water Company was engaged in supplying a public use.   The court below erred in rendering judgment for the defendant.

The judgment is reversed.

Sloss, J., Melvin, J., Richards, J., *pro tem.*, Lorigan, J., and Angellotti, C. J., concurred.

Rehearing denied.