[Civ. No. 3925. Second Appellate District, Division One.—September 30, 1922.]

## J. A. GARCIA, Respondent, v. FEDERICO A. SAINZ, Appellant.

[1] STATUTES OF LIMITATION—ORAL PROMISE.—A cause of action based upon an oral promise made more than five years prior to the commencement of the action is barred by section 339 of the Code of Civil Procedure, which limits the time within which an action may be brought upon a contract, obligation, or liability not founded upon an instrument in writing to two years.

[2] ACCOUNT STATED—INSUFFICIENCY OF EVIDENCE.—In this action for money loaned, conceding, but not holding, that the testimony is sufficient to show that the transaction had between plaintiff and defendant with reference to the loan constituted a book account, the evidence fails to show that an account was stated between them.

[3] ID.—TIME OF COMMENCEMENT OF ACTION.—The time within which an action on an account stated should be brought as provided in section 337 of the Code of Civil Procedure is four years from the date of the last item of the account.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Reversed.

The facts are stated in the opinion of the court.

M. C. Atchison for Appellant.

Alfred Blaisdell for Respondent.

---

What constitutes an account stated, notes, 136 Am. St. Rep. 37; 27 L. R. A. 811.

Limitation of action as applied to account stated, note, 14 A. L. R. 240.

SHAW, J.—The complaint herein contains three counts, by the first of which it is alleged that on August 15, 1915, plaintiff, at the special instance and request of defendant, loaned to him the sum of $1,000, upon which defendant, on November 15, 1915, paid $60, and on December 1, 1916, paid $12, and the further sum of $12 on March 1, 1919. By the second count it is alleged that plaintiff, on August 15, 1915, gave to defendant a check for $1,000, upon which the latter obtained said sum of money and promised to return the same, but has refused and failed to do so, save and except as to the payments thereon set out in the first count of the complaint. The third count alleges that in March, 1919, an account was stated between plaintiff and defendant whereby it was found that defendant was indebted to plaintiff in the sum of $916, which defendant agreed to pay.

In his answer defendant denies that plaintiff loaned him $1,000 as alleged, or that he made the payments thereon so alleged in the first count of the complaint; and likewise denies the delivery to him of the check for $1,000, or that he received payment thereof, and likewise denies that an account was stated between plaintiff and defendant, or that he ever agreed to pay said sum of $916 as alleged in the third count of the complaint. In addition to other affirmative defenses set up in his answer, defendant alleged that each of the causes of action stated in the complaint was barred by the statute of limitations.

The court made findings in favor of plaintiff, upon which judgment was entered as prayed for and from which defendant has appealed.

Appellant, for want of sufficient evidence, attacks the findings to the effect, first, "that there is a balance due plaintiff by defendant upon a mutual, open and current account by and between the said parties and based upon a book account"; second, "that on or about the 1st day of March, 1919, an account was stated between the said parties and upon such statement a balance of $916 was found due said plaintiff from said defendant, and which amount the defendant then and there promised to pay plaintiff"; and, third, that neither of the three causes of action so alleged in the complaint is barred by the statute of limitations.

Accepting plaintiff's meager testimony in the most favorable light, it appears therefrom that on August 15, 1915, he advanced to defendant, in Arizona, the sum of $1,000 as a loan, upon the latter's oral promise to repay the same; that defendant made three payments thereon, as alleged in the complaint; that plaintiff either at the time of making the loan or some time thereafter entered in a pocketbook which he carried a memorandum of the $1,000 so loaned to defendant, and thereafter, upon defendant making the payment of $60 and the first $12 payment on account of the loan, on December 1, 1916, he entered the same in his book, but that prior to the making of the second payment of $12 on March 1, 1919, he had lost the book and no entry thereof was made therein; that at about the time of the making of this last payment he had a conversation with defendant wherein the latter said he would soon have some means whereby he would be enabled to pay the balance of the $1,000 so loaned. The so-called book of account was never exhibited to nor inspected by defendant, and at the time of the alleged statement of account the balance of which plaintiff claims that defendant agreed to pay, the book had been lost. The action was commenced on April 4, 1921.

[1] It thus appears that the first count of the complaint states a cause of action based upon an oral promise made more than five years prior to the commencement of the action, and hence was, as alleged in the answer, barred by section 339 of the Code of Civil Procedure, which limits the time within which an action may be brought "upon a contract, obligation or liability not founded upon an instrument of writing," except as provided in section 337 of the Code of Civil Procedure, to two years. The evidence is insufficient to support the finding complained of. Respondent, for some reason not disclosed in his brief, insists that as the transaction wherein the loan was made occurred in Arizona, and since defendant is not shown to have been in this state prior to the filing of the complaint, a different rule should apply. In the absence of proof to the contrary, the law of Arizona applicable to the facts in the case must be deemed to be the same as that of this state. (*O'Sullivan* v. *Griffith,* 153 Cal. 502 [95 Pac. 873, 96 Pac. 323]; *Fox* v. *Mick,* 20 Cal. App. 599 [129 Pac.

972].)    Assuming that upon the uncertain allegations of the complaint testimony might have been offered tolling the statute and thus extending the time within which plaintiff might enforce his claim, no evidence of such character was presented.

What we have said as to the first cause of action is likewise applicable to the second cause of action.

[2]    The third cause of action is based upon an alleged account stated, wherein it was found that defendant was indebted to plaintiff, as shown by the latter's books, in the sum of $916, which sum the defendant agreed to pay.    Conceding, but not holding, that the testimony is sufficient to show that the transaction had between plaintiff and defendant with reference to the loan constituted a book account, we are clearly of the opinion that the evidence fails to show that an account was stated between them. "An account stated is a document—a writing—which exhibits the state of account between parties and the balance owing from one to the other, and when assented to, either expressly or impliedly, it becomes a new contract." (*Coffee v. Williams,* 103 Cal. 550, 556 [37 Pac. 504, 506]; *Gardner v. Watson,* 170 Cal. 570, 574 [150 Pac. 994].)    Since it was lost, the alleged account-book was not produced in evidence, and there is no testimony as to the character of the entries relating to the transaction.    The last payment of $12, made about March 1, 1919, was not entered therein. An account stated constitutes a new agreement whereby the parties between whom there are reciprocal debits and credits fix and determine the amount due from one to the other.    (*Outwaters v. Brownlee,* 22 Cal. App. 535 [135 Pac. 300].)    The only testimony in support of respondent's contention is that of plaintiff wherein he says that when defendant paid him the last $12 he stated that he would soon have some means whereby he would be able to pay plaintiff.    There was no exhibition or inspection of the alleged book account and nothing was said as to what such balance was.    The plaintiff says, "I told him [defendant] I needed money, and he told me he was soon going to have business where he could get some money and he would pay me."

The effect of plaintiff's testimony is that some five years prior to the commencement of the action he loaned

defendant $1,000 upon his oral promise to repay it, and in some form, undisclosed, he made an entry with reference to it in a pocketbook which he carried and thereafter, upon defendant making two cash payments on the loan, likewise made note of them, and that later, upon importuning defendant for payment, the latter declared his inability to pay the same, but hoped to get into some business that would enable him to liquidate the indebtedness. The testimony is insufficient to show an agreement between plaintiff and defendant based upon an open, mutual, and current book account that a specific balance was due from one to the other and which the defendant agreed to pay. (*Merchants' Nat. Bank* v. *Carmichael,* 178 Cal. 446 [173 Pac. 999].)

[3] Moreover, conceding the testimony sufficient to show an account stated, as found by the court, the time within which an action thereon should be brought, as provided in section 337 of the Code of Civil Procedure, is four years, running from the date of the last item of account so entered, which, according to plaintiff's testimony, was the payment of $12 made on December 1, 1916, more than four years prior to .the institution of the action. Hence the cause of action was, as alleged in the answer, barred by the statute of limitations.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

. A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 27, 1922.

All the Justices present concurred.