684

## BUSHWICK McPHILBEN CORPORATION v. BUSH TERMINAL R. R. CO.
### No. 6386.

District Court, E. D. New York.

Oct. 16, 1934.

Julius L. Goldstein, of New York City, for plaintiff.

Alexander & Green, of New York City (H. S. Ogden, of New York City, of counsel), for defendant.

BYERS, District Judge.

Motion by defendant for judgment dismissing the complaint because (a) it appears from the face thereof that it does not state facts sufficient to constitute a cause of action, and (b) the Court has not jurisdiction of the subject of the action; or, in the alternative, for an order directing the plaintiff to serve an amended complaint separately stating and numbering each alleged cause of action, and that each be made more definite and certain.

The action was begun in the City Court and was removed to this Court by proper proceedings. The plaintiff seeks to recover alleged overpayments of freight charges on sundry shipments of refrigerator machines from Jackson, Michigan, to Brooklyn; that is to say, interstate shipments.

The basis of the action is that the rates charged by the defendant were in excess of "the proper rates established and maintained by the defendant at the time said shipments. were made"; that the excess charges "as more fully appears from Schedule 'A', aggregate the sum of $1402.68."

Schedule "A" apparently is an itemized list of twenty-eight shipments containing the shipping and arrival dates, weights, car numbers, routes, several amounts paid, and the rate of each payment, and what are alleged to have been the "proper" amounts and rates, and the alleged overcharge in each instance.

Following the verification of the complaint, there is an attached paper which is not referred to in the complaint, headed "Rates applicable to refrigerator machine shipments involved in this action," followed by the words: "The lawful rates pursuant to tariff duly filed by defendant with Interstate Commerce Commission on shipments mentioned in this Schedule, in effect at said times, were published in Jones', 490 I. C. C. 2455."

The defendant urges that there is no allegation in the complaint that the "proper" rates were established by any tariff published by the defendant and approved by the Interstate Commerce Commission, which is the exclusive rate-making body with respect to interstate commerce.

This seems to be true.

There is no averment in the complaint concerning the filing of any tariff of rates by the defendant with the Interstate Commerce Commission and the approval of such tariff by that body, followed by an allegation that the rates paid by the plaintiff were in excess of the rates established by such tariff. In other words, there is no issue tendered to the defendant on that subject.

The defendant is entitled to a clear and unmistakable allegation on that subject, which it can either admit or deny.

The paper attached to the complaint, to which reference has been made, is not referred to in the body of the pleading and, for all that appears from the complaint itself, it is an unrelated document.

The defendant also argues that each shipment and each alleged overpayment of freight constitute a separate cause of action and should be separately stated and numbered in order that the issue of alleged overcharge may be met with respect to each. It is possible, in theory at least, that, as to certain of the shipments, the defendant might

answer differently than as to others. Therefore the requirement for separately stating and numbering is reasonable.

The motion will be granted unless within 20 days the plaintiff shall elect to amend its complaint in the respects indicated. Settle order on notice.