780

[Civ. No. 7958. Third Dist. July 31, 1951.]

FRED A. BRUBAKER, Respondent, v. SARAH D.
MALLICKZADHA, as Administratrix, etc., Appellant.

W. Coburn Cook and H. E. Gleason for Appellant.

Rodin & Nelson for Respondent.

SCHOTTKY, J. pro tem.—Plaintiff filed an action against
defendant in the justice's court alleging that he had rendered
services to defendant for which he was to receive $15 per day;
that the total of wages earned amounted to $1,533, and that
there was a balance of $743.83 due him from defendant.

Defendant filed a demurrer to the complaint on the ground
that it could not be ascertained whether the contract was oral
or in writing. The demurrer was overruled. Defendant filed
a cross-complaint alleging a written agreement by which plain-
tiff undertook to remodel defendant's kitchen and build a new
sunroom, furnishing and paying for all labor and material
necessary, defendant to pay plaintiff the cost of all materials
plus $15 per day per man, provided defendant should not be
required to pay more than $2,850; that plaintiff proceeded to
do the work, purchasing large quantities of materials for which

he did not pay so that defendant was required to pay for labor and materials himself, expending $4,232; that in addition defendant paid plaintiff $1,000 for his services; that as a result defendant has been damaged in the sum of $2,382. The prayer is for that amount. The answer refers to the same written agreement and alleges that plaintiff did not have a contractor's license; that under the terms of the contract defendant could withhold payment of $500 until the job was completed and plaintiff delivered to him receipted bills for all labor and material furnished, and that plaintiff has never delivered such receipted bills; that all sums due plaintiff under the said agreement have been paid. A copy of the written agreement is attached to both the answer and the cross-complaint. The case was transferred to the superior court. Plaintiff's demurrer to the cross-complaint was overruled. In plaintiff's answer to the cross-complaint it is alleged that the written agreement was rescinded; that thereafter it was agreed that plaintiff would work for defendant as an employee, being paid $15 a day as wages; that the balance unpaid for plaintiff's services is $745.83; that the $1,000 paid by defendant was paid to plaintiff and his two sons to be applied on account of labor performed by them; that plaintiff is not indebted to defendant in the sum of $2,382 or any other amount.

Defendant having died while the action was pending, his administratrix was substituted as defendant and cross-complainant. The case was tried by the court without a jury and before the close of the trial the cross-complaint was dismissed on motion of defendant.

The court found that plaintiff was employed by defendant at a wage of $15 per day; that the amount of plaintiff's earnings which remains unpaid is $630; that the written contract referred to in the answer and cross-complaint was rescinded by the parties; that plaintiff's services were rendered as an employee rather than as a contractor so his recovery would not be barred by the lack of a contractor's license; that the $1,000 paid by defendant was not paid for the account of plaintiff but for the account of other workers and creditors of defendant. Judgment was entered for plaintiff in the amount of $630. The appeal is from the judgment.

Appellant first contends that the court erred in overruling the demurrer to the complaint. The complaint alleged that plaintiff had rendered services for defendant for which he was to receive $15 per day. Plaintiff was suing for wages and not upon a contract, and we do not believe he was required

782

to state whether or not there was any writing. Certainly if there was any writing that constituted a defense defendant could set it up as a defense. But, in any event, no prejudice could have resulted to defendant as defendant did set up a written agreement as a defense and the court found that said agreement had been rescinded.

Appellant next argues that the judgment in favor of plaintiff for $630 is not supported by the evidence. Plaintiff's son, Ted Brubaker, testified that he had worked on the job beginning the 29th day of March through the 7th day of May, six days a week; that he then took a vacation and did not return to the job until the 13th or 14th of June; that he then worked every day with the exception of four or five days until the middle of July; that plaintiff worked every day that the witness worked. Because the action was against the estate of a deceased person against whose estate the claim had been filed by him, plaintiff himself did not testify as to the work performed by him, but other witnesses testified as to such work. The bill of particulars lists the days for which plaintiff is claiming compensation beginning March 29 through July 9, totaling $888. It lists Ted Brubaker as having worked March 29 through May 7, then May 17 and June 9 and 12, then June 13 through July 9, earning $510. It lists Kenneth Brubaker as having earned $135. Total labor is listed as $1,533. Material furnished is listed as $212.83. From the combined total of $1,745.83 is subtracted the $1,000 admittedly paid by defendant, of which $135 was applied to the account of plaintiff, leaving $745.83 due for plaintiff's labor. Ted Brubaker testified that when defendant paid the $1,000 he asked if it would be agreeable to plaintiff to have the money due plaintiff's sons included in the check, and plaintiff assented.

We have read the record carefully, and bearing in mind the rule that when a judgment is attacked as being unsupported by the evidence the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trial court, we are satisfied that the record amply supports the judgment and finding of the trial court. In fact, if it were not for the apparent earnestness of counsel for appellant, we would be inclined to regard the appeal as frivolous.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied August 27, 1951.