[Civ. No. 18319.   Second Dist., Div. One.   Nov. 7, 1951.]

ALBERT E. MILLER, Appellant, v. HENRY M. BROWN, Respondent.

James B. Parish for Appellant.

Schramm, Raddue & Parma for Respondent.

HANSON, J. pro tem.—The appeal is taken from a judgment entered on an order sustaining a demurrer to the sixth amended complaint after the plaintiff had refused to avail himself of the right to amend. The sixth amended complaint was set forth in two counts: The first was for damages for breach of an alleged oral contract; the second sought a recovery for work and labor alleged to have been rendered pursuant to an entirely separate oral contract.

The defendant filed a general and special demurrer to each of the counts of the complaint. In ruling that the entire complaint was demurrable the trial court did not state whether its decision was based on the general, the special or both types of demurrer.

We do not think the first count was demurrable for failing to state a cause of action, but we do think it was uncertain and ambiguous and accordingly, that the special demurrer was properly sustained on those grounds.

The first count of the sixth amended complaint alleged that an oral contract was entered into between the plaintiff and the defendant on or about September 15, 1947, by the terms of which the parties entered into a joint venture to plant, cultivate, harvest and sell gladiolas from 200,000 bulbs to be furnished by plaintiff which were to be grown on lands owned by the defendant. It was further alleged that the venture was to begin with the 1947 gladiola growing season and end with the close of the 1948 season; that title to the bulbs was at all times to be retained by plaintiff; *that plaintiff was to furnish his work and labor in the planting, care and cultivation of the growing plants;* supervise any hired help which defendant might furnish; that plaintiff was to furnish a garden tractor and tools for furrowing that portion of the land on which the bulbs were planted; that he likewise was to harvest and market the flowers; collect the sales price and divide the sale proceeds equally between plaintiff and defendant. It is next alleged that the defendant was to furnish the water necessary to irrigate the flowers; *to furnish his own labor in the planting, care and cultivation of the bulbs and in addition any necessary hired help which was needed to plant, care for and cultivate the bulbs;* and that the defendant was also to assist the plaintiff in cutting and marketing the flowers.

Without further detailing the allegations of the first count of the sixth amended complaint, it is enough to say that our recital of its allegations discloses one contradiction after another as to the terms of the contract and as a consequence the complaint is ambiguous and uncertain. As these contradictions were challenged by the special demurrer for uncertainty and ambiguity the court rightly sustained the special demurrer to count one.

The second count avers so far as is here material that "within Two Years last past, to-wit, from June, 1946 to June, 1948, Defendant herein became indebted unto Plaintiff in the sum of Three Thousand and No/100 ($3,000.00) Dollars for work and labor performed personally for Defendant by Plaintiff, at the special oral instance and request of Defendant, and that although demand has been made on Defendant for payment thereof, no part of the said Three Thousand and No/100 ($3,000.00) Dollars has been paid."

To this count respondent filed a demurrer stating that the facts alleged were insufficient to constitute a cause of action and that the said count was uncertain in that it could not be ascertained when defendant is alleged to have become indebted unto plaintiff. This second count, so appellant argues, was not generally or specially demurrable because it is a common count; that while there is a surplusage of allegations over and above those required for the statement of a common count, such should be ignored; and that the allegations properly interpreted must be taken to mean that the work and labor were rendered within two years (the period of limitations) of the date the original complaint was filed on June 10, 1948, i.e., on or subsequent to June 10, 1946, and not on any day in June, 1946, prior to the 10th day of that month.

It is true, as appellant contends, that in this state it is not necessary in a common count to set forth the date when the defendant became indebted (*Evans* v. *Zeigler,* 91 Cal.App.2d 226, 230 [204 P.2d 902]), but it is also true that if the common count does set forth a date which is beyond the applicable statute of limitations it is demurrable. While a cause of action set forth in the accepted form of a common count is not subject to a general demurrer on the theory it does not sufficiently state a cause of action (*Pleasant* v. *Samuels,* 114 Cal. 34 [45 P. 998]) and is not subject to a special demurrer predicated on the ground that the cause of action is not stated with sufficient certainty, it nevertheless is not true, as appellant contends, that a special demurrer

never lies to a common count. The case of *Pike* v. *Zadig*, 171 Cal. 273 [152 P. 923], upon which appellant relies does not sustain him. If, in the case before us plaintiff had alleged in his second count that defendant had become indebted to him prior to June 10, 1946, it is plain that a demurrer based upon the statute of limitations would have to be sustained. In the case before us the language of count 2 is that "within Two Years last past, to-wit, from June, 1946 to June, 1948, Defendant became indebted . . ." The general language "within two years last past" is necessarily controlled by the specific language, i.e., "from June, 1946 to June, 1948." For aught that appears the defendant may have become indebted prior or subsequent to June 10, 1946. Hence, a demurrer on the ground that the cause of action was barred by the statute of limitations could not be sustained as it must affirmatively appear on the face of the complaint that it is barred and not merely that it may be barred. (*Pike* v. *Zadig*, 171 Cal. 273 [152 P. 923].) But it does not follow that a special demurrer for uncertainty or ambiguity would not lie to ferret out what is the true date within the ambiguous dates alleged by plaintiff. We think such a special demurrer lay and that the court properly sustained it.

When the court made its order the plaintiff could have asked permission, then and there, to interlineate the proper date or he could have filed an amended complaint setting forth the date or, if he chose, eliminate any reference to dates by stating his cause in an apt common count without dates as he did in his fifth amended complaint. All this he could have done, but he declined to do so. We here quote him as follows: "Appellant could have filed an amended Complaint for the seventh time but just does not believe the law of this state sustains the holding of the Court."

In short appellant chose to prolong the litigation by standing on his supposed rights. Having elected to state that the defendant became indebted between June, 1946, and June, 1948, we see no good reason why he should have been unwilling to state the date unless perchance the date was prior to June 10, 1946. If it was he had no rights and has lost none by this decision.

The judgment should be and it is affirmed.

White, P. J., and Drapeau, J., concurred.