[Civ. No. 5669.   Fourth Dist.   Apr. 23, 1959.]

BETTY BROWN, Respondent, v. NATIONAL ROYALTIES,
INC. (a Corporation), Appellant.

Thomas H. Werdel for Appellant.

Kendall, Howell & Jelletich and Kendall & Howell for Respondent.

MUSSELL, J.—This is an action brought by plaintiff as assignee of two corporations to obtain a judgment against the defendant for the purchase price of fertilizer and insecticides sold and delivered to it by plaintiff's assignors. In the first cause of action in the amended complaint it is alleged: "That within two years last past, defendants became indebted to A.F.C., Inc., a California corporation, for fertilizer and insecticides sold to defendants in the amount of One Thousand Seven Hundred Sixty-eight and 21/100 Dollars ($1,768.21) and that defendants agreed to pay A.F.C., Inc., a California corporation, said sum."

In the second cause of action it is alleged: "That within two years last past, defendants became indebted to B. & W., Inc., a California corporation, for fertilizer and insecticides sold and delivered by B. & W., Inc., a California corporation, to defendants in the amount of Three Thousand Four Hundred Ninety-two and 35/100 Dollars ($3,492.35) and that defendants agreed to pay said sum."

Defendant's demurrer was overruled, an answer was filed, and, upon demand, plaintiff submitted a bill of particulars. Defendant filed motions for an order requiring a further bill of particulars and for summary judgment. These motions were denied and the cause was heard by the court without a jury. The pretrial order indicates that the contentions of the defendant are:

"1. The authority of Carlos Rey to make such purchases on behalf of the defendant;

"2. Whether or not the materials set forth in the Bill of Particulars were actually delivered to defendant;

"3. Whether or not the materials set forth in the Bill of Particulars were actually sold to the defendant;

"4. Whether the merchandise ostensibly sold to the defendant was actually applied to their operation with their knowledge."

The trial court found the allegations of the amended com-

plaint to be true and entered judgment for plaintiff for the amounts claimed to be due by plaintiff. Defendant appeals from the judgment, claiming that the evidence is insufficient and that the court erred in overruling the demurrer, in admitting certain evidence, and in refusing to make findings.

In 1956 the defendant National Royalties, Inc., was farming approximately 320 acres of cotton, 320 acres of alfalfa, 100 acres of sugar beets and about 83 acres of rice, all in Kern County. Carlos Rey, a farmer, was employed by defendant National Royalties to manage its farming operations and in each instance before ordering the fertilizer and insecticides involved for application on defendant's properties Rey called Mr. Smith, president of defendant corporation, on the phone and Smith always gave him the "o.k. to go ahead." Rey farmed some property of his own but all of the fertilizer and insecticides sold by plaintiff's assignors to the defendant were applied to and on the property of the defendant corporation. Plaintiff introduced in evidence the original ledger cards of the defendant with A.F.C., Inc., and B. & W., Inc., which showed the dates of invoice numbers and charges to defendant as set forth in the bill of particulars. Carbon copies of invoices showing delivery dates and the original delivery tickets were introduced in evidence and there was testimony as to actual deliveries of the merchandise on defendant's property. These records, together with other evidence introduced, was sufficient to show that the merchandise sold to defendant by plaintiff's assignors was received by the defendant and applied to its property with the consent, knowledge and authorization of the president of said defendant corporation.

The evidence shows that some of the merchandise furnished by B. & W., Inc., was billed to the company in care of Carlos Rey. Pete Hildebrand, the manager of B. & W., investigated the matter and designated the charges billed to Carlos Rey and subsequently transferred to the account of the defendant.

Appellant contends that the court erred in overruling the demurrer to the first cause of action. This argument has no merit. A common count is alleged in the first cause of action and the demurrer was properly overruled. In *American-LaFrance F. E. Co.* v. *Bagge*, 98 Cal.App. 291 [276 P. 1066], it was held that a common count is pleaded in the following language: "That within two years last past the defendants became indebted to the plaintiff for goods, wares and merchandise sold by the plaintiff to the defendants at

their special instance and request in the sum of $73,439.45, no part of which has been paid except the sum of $9,889.31." (5 Cal.Jur.2d, § 3, p. 527.)

■ A pleading which is sufficient as a common count is not subject to a general demurrer. (*Miller* v. *McLaglen,* 82 Cal.App.2d 219, 223 [186 P.2d 48].)

■ Appellant claims that it was deprived of a reasonable opportunity to prepare for trial in that the court refused to require plaintiff to supply defendant with a further bill of particulars. However, the deposition of James Bonaventura, president and general manager of A.F.C., Inc., and also vice-president and general manager of B. & W., Inc., taken on April 11, 1957, had attached to it photographic copies of ledger cards, invoices, credit and delivery slips giving defendant full information as to the items sold and delivered to defendant. The record shows a substantial compliance with defendant's demand for a bill of particulars.

There is substantial evidence in the record showing the authority of Carlos Rey to make the purchases involved, to show that the materials set forth in the bill of particulars were sold and delivered to defendant, and that they were applied to the defendant's lands with the knowledge and consent of the defendant.

Appellant's argument that the trial court erred in refusing to make findings is without merit. The record shows that findings were in fact made covering the issues involved and the allegations contained in the pleadings.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied May 22, 1959, and appellant's petition for a hearing by the Supreme Court was denied June 18, 1959.