[Civ. No. 20492. First Dist., Div. Three. Oct. 30, 1962.]

IRVING LEWIN, Plaintiff and Appellant, v. MERCK & CO., INC., Defendant and Respondent.

Frank J. Mahoney for Plaintiff and Appellant.

Chickering & Gregory and Michael Heuer for Defendant and Respondent.

SALSMAN, J.—The trial court sustained defendant's demurrer to plaintiff's complaint on the ground that the complaint contained several causes of action not separately stated; plaintiff declined to amend and appeals from the judgment of dismissal.

After common introductory and identifying statements the complaint alleged: "IV. That within two years last past defendant became indebted to plaintiff, at the City and County of San Francisco, State of California, in the sum of $6097.50 which amount represents the difference between the minimum rates for transportation services as established by the Public Utilities Commission of the State of California and the amount paid to plaintiff by defendant for transportation services rendered by plaintiff to defendant at defendant's special instance and request. V. That the Public Utilities Commission of the State of California has directed plaintiff to collect the aforesaid undercharges." These paragraphs are then followed by allegations of demand for payment, nonpayment, and a prayer for the balance alleged to be due.

The argument in support of the demurrer is based upon the use by the pleader of the plural terms "rates" and "services" in paragraph IV, the contention being that this discloses there were several distinct shipments of goods, and that each shipment gives rise to a separate cause of action which must be separately stated. (*United States* v. *Louisville & Nashville R.R. Co.*, 221 F.2d 698; *Bushwick McPhilben Corp.* v. *Bush Terminal R.R. Co.*, 8 F.Supp. 684.) We cannot agree

Paragraph IV of the complaint is the common count of *quantum meruit*, for past services, and is a form of pleading long sanctioned in this state. (*Freeborn* v. *Glazer*, 10 Cal. 337; *Wilkins* v. *Stidger*, 22 Cal. 231 [83 Am.Dec. 64]; *Weitzenkorn* v. *Lesser*, 40 Cal.2d 778 [256 P.2d 947].) In *Weitzenkorn* v. *Lesser, supra*, it is said at pages 792-793: " 'This form of pleading, a common count, by long continued practice is not subject to attack by general demurrer or by a special demurrer for uncertainty.' (*Auckland* v. *Conlin*, 203 Cal. 776, 778 [265 P. 946]; *Pike* v. *Zadig*, 171 Cal. 273, 276 [152 P. 923]; *Abadie* v. *Carrillo*, 32 Cal. 172, 175.) Nor is it subject to special demurrer on the ground of ambiguity or unintelligibility. (*Pleasant* v. *Samuels*, 114 Cal. 34, 38 [45 P. 998]; see, generally, King, *The Use of the Common Counts in California*, 14 So.Cal.L.Rev. 288, 306.) Although an allegation of the promise to pay was essential to an action of assumpsit

in common law pleading (Shipman, Common Law Pleading, 3d ed., p. 258) it is unnecessary as a part of the common count under the code system of pleading. (*Gregory* v. *Clabrough's Executors,* 129 Cal. 475, 478 [62 P. 72]; *Wilkins* v. *Stidger,* 22 Cal. 231, 235 [83 Am.Dec. 64].)''

 Defendant contends the pleading provides it with insufficient notice and hence makes it difficult to answer. This objection may be addressed with equal force to any common count. Code of Civil Procedure section 454, providing for a bill of particulars, is designed to afford ready relief to a defendant in need of further information concerning the details of an account upon which he has been sued. (*Pike* v. *Zadig,* 171 Cal. 273, 277 [152 P. 923]; *Pleasant* v. *Samuels,* 114 Cal. 34, 38 [45 P. 998]; 2 Witkin, Cal. Procedure, p. 1222.)

 We see no merit in defendant's further contention that by paragraph V of the complaint plaintiff has attempted to state a cause of action based upon an order of the Public Utilities Commission and hence having joined a common count with a defectively pleaded special count, the complaint is demurrable. Paragraph V of the complaint does not appear to us to be an attempt to state a separate cause of action. At most it is an unnecessary and redundant statement in the nature of surplusage and hence subject to a motion to strike, but it does not render the properly stated common count subject to demurrer. (*Haggerty* v. *Warner,* 115 Cal.App.2d 468, 475 [252 P.2d 373]; *McFarland* v. *Holcomb,* 123 Cal. 84 [55 P. 761]; 2 Witkin, Cal. Procedure, p. 1243.)

Judgment reversed.

Draper, P. J., and Devine, J., concurred.