[Civ. No. 26307. First Dist., Div. One. Aug. 6, 1970.]

EMERITA MOYA, Plaintiff and Appellant, v.
BEN A. NORTHRUP, Defendant and Respondent.

## COUNSEL

Garcia & Garcia and Louis Garcia for Plaintiff and Appellant.

Sal C. Balistreri for Defendant and Respondent.

## OPINION

**SIMS, J.**—Plaintiff has appealed from a judgment embodied in an order of dismissal for failure to amend. (Code Civ. Proc., § 581d.) The order was made and entered upon plaintiff's motion after plaintiff failed to amend following the sustaining of defendant's demurrer to plaintiff's complaint with leave to do so (§ 581, subd. 3).

Plaintiff's complaint contains two common counts, reading in part as follows: the first, "Within four years last past at San Francisco, California, defendants and each of them became indebted to plaintiff in the sum of $9,000.00 for money lent by plaintiff to defendants, and each of them, at the request of each of them"; and the second, "Within four years last past at San Francisco, California, defendants, and each of them, became indebted to plaintiff in the sum of $9,000.00 for money paid, laid out, and expended for defendant at his instance and request."

Defendant demurred on the ground that the complaint fails to state a

cause of action (§ 430, subd. 6), and on the ground that the complaint is uncertain in that it cannot be ascertained therefrom whether the contract which gave rise to the indebtedness was written or oral (§ 430, subd. 8). In its decision on the demurrer the court indicated that the demurrer was sustained as to both causes of action on the second ground (see § 472d).

In originally considering this case [8 Cal.App.3d 487] the action, of the trial court and the judgment were sustained by application and extension of principles found in *Miller* v. *Brown* (1951) 107 Cal.App.2d 304 [237 P.2d 320]. A rehearing was granted to reevaluate the propriety of qualifying the pleading of common counts as originally proposed. It is concluded that the trial court erred in sustaining the demurrer on the ground that it was uncertain because it could not be ascertained therefrom whether the contract which gave rise to the indebtedness was written or oral (§ 430, subd. 8), and that the principles enunciated in *Miller* v. *Brown* should be limited to the facts to which they were there applied.

■ A pleading which is sufficient as a common count is not generally subject to general demurrer or to special demurrer on the ground of uncertainty. In *Pike* v. *Zadig* (1915) 171 Cal. 273 [152 P. 923], the court ruled, "So far as the general demurrer is concerned, the complaint does allege that the defendants became indebted to the plaintiff for money had and received by them for the use and benefit of plaintiff in two given sums. This is a sufficient pleading under the old form known as a 'common count.' If the question were new, there might be good ground for saying that the common counts do not comply with the provision of our Code of Civil Procedure, section 426, that the complaint must contain 'a statement of the facts constituting the cause of action, in ordinary and concise language.' But the practice of pleading in this form has been too long established in this state to be now open to question. [Citations.] There have been intimations in this court that such a pleading, although not obnoxious to general demurrer, might fall before a special demurrer on the ground of uncertainty. We think, however, that there is no force in this suggestion. If there be any objection to the common count, it is that the pleading states conclusions of law instead of setting forth the facts upon which the plaintiff relies. The real ground of objection, therefore, is that the complaint does not state facts sufficient to constitute a cause of action. But, as we have seen, this objection is not maintainable." (171 Cal. at pp. 276-277. See also, *Weitzenkorn* v. *Lesser* (1953) 40 Cal.2d 778, 792-793 [256 P.2d 947]; *McFarland* v. *Holcomb* (1898) 123 Cal. 84, 86 [55 P. 761]; *Pleasant* v. *Samuels* (1896) 114 Cal. 34, 37-38 [45 P. 998]; *Kraner* v. *Halsey* (1889) 82 Cal. 209, 210 [22 P. 1137]; *Lewin* v. *Merck & Co., Inc.* (1962) 209 Cal.App.2d 131, 132-133 [25 Cal.Rptr. 619]; *Division of Labor Law Enforcement* v. *Barnes* (1962) 205 Cal.App.2d 337, 347 [23 Cal.Rptr.

55]; *Brown* v. *National Royalties, Inc.* (1959) 169 Cal.App.2d 836, 839 [338 P.2d 188]; *Miller* v. *McLaglen* (1947) 82 Cal.App.2d 219, 223 [186 P.2d 48]; *Smith* v. *Randall* (1942) 51 Cal.App.2d 195, 197 [124 P.2d 334]; 5 Cal.Jur.2d, Rev., Assumpsit, §§ 36 and 38, pp. 687-688 and 689-670; 2 Witkin, Cal. Procedure (1954) Pleading, § 263, pp. 1239-1240; and King, *The Use of the Common Counts in California* (1941) 14 So. Cal.L.Rev. 288, 306-307.)

■ The following rule is also established with respect to common counts. "It is no objection to the complaint that the times when the indebtedness, or the various items thereof, accrued are not set forth. (*Pleasant* v. *Samuels,* 114 Cal. 34, 38 . . .) If the defendants desired further information on this point, the proper course was to demand a bill of particulars. *Id.*; Code Civ. Proc., sec. 454.)" (*Pike* v. *Zadig, supra,* 171 Cal. at p. 277. See in addition to case cited, *McFarland* v. *Holcomb, supra,* 123 Cal. 84, 87; *Rogers* v. *Duff* (1892) 97 Cal. 66, 68 [31 P. 836]; *Lewin* v. *Merck & Co., Inc., supra,* 209 Cal.App.2d 131, 133; *Division of Labor Law Enforcement* v. *Barnes, supra,* 205 Cal.App.2d 337, 347; 5 Cal.Jur.2d, Rev., Assumpsit, § 38, p. 689; 2 Witkin, Cal. Procedure (1954) Pleading, § 269, p. 1244; and King, *op. cit.,* 14 So.Cal.L.Rev. at p. 307. Cf. *Kraner* v. *Halsey, supra,* 82 Cal. 209, 211-212.)

■ These principles apply to a common count for moneys paid, laid out, expended, loaned or advanced to and for the defendant by the plaintiff at the former's instance and request. (See *Pleasant* v. *Samuels, supra,* 114 Cal. at p. 36; *Rogers* v. *Duff, supra,* 97 Cal. at p. 68; *Kraner* v. *Halsey, supra,* 82 Cal. at p. 210; *Division of Labor Law Enforcement* v. *Barnes, supra,* 205 Cal.App.2d at p. 347; *Jones* v. *Re-Mine Oil Co.* (1941) 47 Cal.App.2d 832, 843 [119 P.2d 219]; 5 Cal.Jur.2d, Rev., Assumpsit, §§ 15 and 16, pp. 661-662; 2 Witkin, Cal. Procedure (1954) Pleading, § 271, par. (c), p. 1247; and King, *op. cit.,* 14 So.Cal.L.Rev., at pp. 290-291.)

In 1939 (Stats. 1939, ch. 446, § 1, p. 1782; see, *The Work of the 1939 California Legislature* (1939) 13 So.Cal.L.Rev. 1, 5-6) after many of the precedents on which the foregoing rules were decided, subdivision 10 (now, since 1967, Stats. 1967, ch. 512, § 1, p. 1864, subdivision 8) added to section 430 of the Code of Civil Procedure the following ground of demurrer: "That, in actions founded upon a contract, it cannot be ascertained from the complaint, whether or not the contract is written or oral." In 1941 a commentator observed, "Whether it [a pleading which is sufficient as a common count] is subject to special demurrer for failure to show whether the contract sued upon is written or oral has not yet been decided." (King, *op. cit.,* 14 So.Cal.L.Rev. at p. 307.) A footnote [68] adds,

"A common count founded upon a written contract would, indeed, be an anomaly." (Cf., however, *id.,* at p. 297; 2 Witkin, Cal. Procedure (1954) Pleading, § 264, pp. 1240-1241; *Ferro* v. *Citizens Nat. Trust & Sav. Bank* (1955) 44 Cal.2d 401, 409 [282 P.2d 849]; and *Castagnino* v. *Balletta* (1889) 82 Cal. 250, 257-259 [23 P. 127].) So far as has been ascertained by counsel and the court the question has not heretofore been decided.

■ It is clear that the pleader must specify whether the contract is written or oral when his cause of action rests on an express contract. (See *Hills Transp. Co.* v. *Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 706 [72 Cal.Rptr. 441]; *Ingram* v. *Glissman* (1956) 145 Cal.App.2d 418, 421 [302 P.2d 640]; and *Bollotin* v. *California State Personnel Board* (1955) 131 Cal.App.2d 197, 202 [280 P.2d 509]. Cf. *Strozier* v. *Williams* (1960) 187 Cal.App.2d 528, 532 [9 Cal.Rptr. 683] [fraud]; *Fanucchi* v. *Coberly-West Co.* (1957) 151 Cal.App.2d 72, 83 [311 P.2d 33] [constructive trust]; and *Brubaker* v. *Mallickzadha* (1951) 105 Cal.App.2d 780, 781-782 [233 P.2d 635] [wages].)

■ The common counts are in theory based on express or implied promises to pay money. (See 5 Cal.Jur.2d, Rev., Assumpsit, §§ 2-4, pp. 643-647; and King, *op. cit.,* at pp. 288-292 and 305.) The obligation to pay is rested upon the equitable principle of preventing unjust enrichment as applied to the particular circumstances which have arisen between the parties *(id.).* ■ A common count cannot be used to secure the performance of an executory express contract unless all of the covenants and conditions have been performed and there remains only an obligation for the payment of money. (See King, *op. cit.,* at p. 297, and other authorities cited above in connection with his comment on the necessity of alleging whether a contract is written or oral.) In *Brubaker* v. *Mallickzadha, supra,* the court ruled as follows: "Appellant first contends that the court erred in overruling the demurrer [on the ground that it could not be ascertained whether the contract was oral or in writing] to the complaint. The complaint alleged that plaintiff had rendered services for defendant for which he was to receive $15 per day. Plaintiff was suing for wages and not upon a contract, and we do not believe he was required to state whether or not there was any writing. Certainly if there was any writing that constituted a defense defendant could set it up as a defense. But, in any event, no prejudice could have resulted to defendant as defendant did set up a written agreement as a defense and the court found that said agreement had been rescinded." (105 Cal.App.2d at pp. 781-782.) The first of the alternative reasons for the decision may be construed as a suggestion that the provisions of subdivision 8 should not be used to attack a common count.

In *Miller* v. *Brown* (1951) 107 Cal.App.2d 304 [237 P.2d 320] the

court upheld an order of the trial court which sustained a demurrer on the ground that the complaint was uncertain and ambiguous, and affirmed a judgment which was entered for the defendant when the plaintiff refused to avail himself of a right to amend. The court stated, "It is true, as appellant contends, that in this state it is not necessary in a common count to set forth the date when the defendant became indebted [citation], but it is also true that if the common count does set forth a date which is beyond the applicable statute of limitations it is demurrable. While a cause of action set forth in the accepted form of a common count is not subject to a general demurrer on the theory it does not sufficiently state a cause of action [citation] and is not subject to a special demurrer predicated on the ground that the cause of action is not stated with sufficient certainty, it nevertheless is not true, as appellant contends, that a special demurrer never lies to a common count. The case of *Pike* v. *Zadig*, 171 Cal. 273 . . . , upon which appellant relies does not sustain him. If, in the case before us plaintiff had alleged in his second count that defendant had become indebted to him prior to June 10, 1946, it is plain that a demurrer based upon the statute of limitations would have to be sustained.

"In the case before us the language of count 2 is that 'within Two Years last past, to-wit, from June, 1946 to June, 1948, Defendant became indebted . . .' The general language 'within two years last past' is necessarily controlled by the specific language, i.e., 'from June, 1946 to June, 1948.' For aught that appears the defendant may have become indebted prior or subsequent to June 10, 1946. Hence, a demurrer on the ground that the cause of action was barred by the statute of limitations could not be sustained as it must affirmatively appear on the face of the complaint that it is barred and not merely that it may be barred. [Citation.] But it does not follow that a special demurrer for uncertainty or ambiguity would not lie to ferret out what is the true date within the ambiguous dates alleged by plaintiff. We think such a special demurrer lay and that the court properly sustained it." (107 Cal.App.2d at pp. 306-307.)

In this case defendant contends that the complaint has an ambiguity in that if the obligation arose as alleged within four years of the filing of the complaint, but more than two years prior thereto it would be barred unless founded upon an instrument in writing. (See § 339, subd. 1, *Robin* v. *Smith* (1955) 132 Cal.App.2d 288, 292-293 [282 P.2d 135]; and *Garcia* v. *Sainz* (1922) 59 Cal.App. 246, 248-249 [210 P. 534]; and cf. § 337, subds. 1 and 2.)

He suggests that it appears that this action may be barred by the two-year limitation because it must be presumed from the failure to allege whether

the obligation was in writing that the action is "upon a contract, obligation or liability *not* founded upon an instrument of writing . . ." (See § 339, subd. 1, italics added; *Wyatt* v. *Cadillac Motor Car Div.* (1956) 145 Cal. App.2d 423, 426 [302 P.2d 665].) Reference to the case cited in support of this proposition reveals that it not only is contrary to the general rule referred to below in the text of this opinion, but also is predicated upon a statutory law which only existed between 1929-1933. *Bates* v. *Daley's, Inc.* (1935) 5 Cal.App.2d 95 [42 P.2d 706], upon which the *Wyatt* court relied as establishing the presumption in favor of an oral rather than a written contract, expressly recognized that the principle was predicated upon an amendment to now repealed (Stats. 1965, ch. 105, § 1, p. 1046) section 447 of the Code of Civil Procedure, which was added in 1929 (Stats. 1929, ch. 489, § 1, p. 851) and deleted in 1933 (Stats. 1933, ch. 987, § 1, p. 2548) and which read, "If the plaintiff relies upon a written instrument, in whole or in part, that fact shall be pleaded."

Plaintiff is aided by the proposition, set forth above, and recognized in *Miller* v. *Brown, supra,* that it is not necessary in a common count to set forth the date when the defendant became indebted. (See 107 Cal.App.2d at p. 306; and *Division of Labor Law Enforcement* v. *Barnes, supra,* 205 Cal.App.2d at p. 347.) It may be assumed that the obligation and implied promise to reimburse the plaintiff arose when the money was "lent" to, or "paid, laid out, and expended" for the defendant. (See *Tabata* v. *Murane* (1944) 24 Cal.2d 221, 226 [148 P.2d 605]; and *Curtiss* v. *Aetna Life Ins. Co.* (1891) 90 Cal. 245, 249 [27 P. 211].) It, therefore, appears that as in *Miller* v. *Brown,* the plaintiff has alleged that the obligation was incurred during a period of time which may or may not leave it barred, unless it is founded upon an instrument in writing.

■ Here again established principles come to the aid of the plaintiff. In *Pike* v. *Zadig, supra,* the court stated, ". . . a demurrer on the ground of the bar of the statute of limitations does not lie where the complaint merely shows that the action may have been barred. It must appear affirmatively that, upon the facts stated, the right of action is necessarily barred. (*Ord* v. *De La Guerra,* 18 Cal. 67; *Wise* v. *Hogan,* 77 Cal. 184 . . .; *Pleasant* v. *Samuels,* 114 Cal. 39 . . .)" (171 Cal. at p. 277. See also *Vassere* v. *Joerger* (1938) 10 Cal.2d 689, 693 [76 P.2d 656]; *McFarland* v. *Holcomb, supra,* 123 Cal. 84, 87; *Pleasant* v. *Samuels, supra,* 114 Cal. 34, 38; *Curtiss* v. *Aetna Life Ins. Co., supra,* 90 Cal. 245, 249-250; *Kraner* v. *Halsey, supra,* 82 Cal. 209, 210-211; *Evans* v. *Zeigler* (1949) 91 Cal. App.2d 226, 230 [204 P.2d 902]; 5 Cal.Jur.2d, Rev., Assumpsit, § 38, p. 689; and King, *op. cit.,* 14 So.Cal.L.Rev. at pp. 306-307.)

In *Curtiss* v. *Aetna Life Ins. Co., supra,* the court in support of this principle said, "Here the allegation that Tucker became indebted more than

four years prior to the date of the policy is entirely consistent with the fact of an original promise in writing to pay at a date within four years, or with a written acknowledgment of the debt, subsequently made, and an express or implied promise to pay it.

"As to the proposition that the agreement of Mrs. Curtiss to advance other moneys was void, the rule of pleading is also against the contention of appellant. *If the agreement, to be valid, must have been in writing, then the allegation that it was so agreed is held to imply that it was so agreed in writing.* [Citation.]" (90 Cal. at p. 250; italics added.)

Despite the foregoing precedents, it is urged that the policy embodied in subdivision 8 of section 430 should prevail. It has been noted that strict application of the rule under which it is presumed that a contract is in writing would sabotage the salutary effect of the statute. (See 13 So.Cal.L. Rev. at p. 6.) The purpose of the 1939 amendment parallels that of the additions, subsequently deleted, to sections 447 and 448 which have been alluded to above. The earlier laws had the effect of reversing the former presumption. The 1939 amendment merely gives the defendant the option to compel his adversary to plead the true facts instead of relying on the presumption. In both instances, as stated in *Bates* v. *Daley's, Inc.* (1935) 5 Cal.App.2d 95, 100 [42 P.2d 706], "The purpose of the amendment is clear. It was to compel exposure of the fact as to whether the agreement relied on as basis of relief was in writing or not, to the end that legal issues might be raised by demurrer where the statute of limitations or the statute of frauds and such like might be pleaded, rather than compelling a defendant to wait and plead the same in his answer or to object to offer of proof at the trial." (5 Cal.App.2d at p. 100.)

To thus encroach upon the inviolableness of the common counts is a step farther than that countenanced in *Miller* v. *Brown.* In that case the complaint contained an ambiguity on its face, because the specific allegations were themselves inconsistent. Here there is no such patent ambiguity. **(8)** It should be noted that subdivision 1 of section 337 refers to "an action upon any contract, obligation or liability founded upon an instrument in writing . . . ," whereas subdivision 8 of section 430 merely refers to "actions founded upon a contract." So far as the statute of limitations is concerned it is generally recognized, "An action is on a written contract, even though it is based on a promise implied from the writing. [Citations.]" (*Amen* v. *Merced County Title Co.* (1962) 58 Cal.2d 528, 532 [25 Cal.Rptr. 65, 375 P.2d 33]. See also, *United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 596 [83 Cal.Rptr. 418, 463 P.2d 770]; *Tanzola* v. *De Rita* (1955) 45 Cal.2d 1, 9 [285 P.2d 897]; *Lawrence Barker, Inc.*

v. *Briggs* (1952) 39 Cal.2d 654, 661 [248 P.2d 897]; and *O'Brien* v. *King* (1917) 174 Cal. 769, 773 [164 P. 631]. Cf. Civ. Code, § 1624 which requires a note or memorandum in writing "subscribed by the party to be charged or his agent.")

The utility of the common counts as an established manner of pleading must be weighed against the desirability of ferreting out stale and unsustainable claims at the pleading stage. "A statute of limitations is *procedural;* it affects the *remedy* only, not the substantive right or obligation. [Citations.] . . . The defense must be raised by the defendant or is waived." (1 Witkin, Cal. Procedure (1954), Actions, § 85, pp. 590-591; and see 2 *id.,* Pleading, §§ 489 and 545, pp. 1476 and 1541.) Under the rules reviewed above the sufficiency of a pleading under the common counts has generally been upheld. It is no hardship on the defendant to require him to take affirmative action by answer and motion for summary judgment if the defense of limitations of actions in fact exists to an adequately plead common count. If he wishes further particulars from the plaintiff, he may, as noted above, request a bill of particulars before so proceeding. The position advanced by defendant, followed by the trial court and originally embraced by this court tends to render uncertain pleadings which have been used and approved over the years. Since this result may be avoided without injustice to the defendant who seeks to assert the statute of limitations, it is concluded that the provisions of subdivision 8 (formerly 10) of section 430 of the Code of Civil Procedure should not apply to an action based upon a recognized common count which is plead without an ambiguity on its face.

The judgment is reversed.

Molinari, P. J., and Elkington, J., concurred.