[Civ. No. 22067. Fourth Dist., Div. One. Sept. 23, 1980.]

HENRIETTA ALDACO et al., Cross-complainants and Appellants, v. TROPIC ICE CREAM COMPANY, Cross-defendant and Respondent.

COUNSEL

Walter Heiser for Cross-complainants and Appellants.

McInnis, Fitzgerald, Rees & Sharkey and Carol A. Ronquillo for Cross-defendant and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Gabriel Aldaco, by his guardian ad litem, sued Tropic Ice Cream Company (Tropic) and others for damages for personal injuries he suffered on October 23, 1977. Tropic cross-complained on December 8, 1978, seeking indemnity from Gabriel's parents, Manuel and Henrietta Aldaco, and alleging they negligently failed to supervise their son. On March 12, 1979, the parents cross-complained against Tropic, seeking damages for negligent infliction of emotional distress and alleging they suffered severe emotional trauma manifested by physical injury as a result of seeing their son's injuries. Tropic demurred to the parents' cross-complaint on the ground it was barred by the one-year statute of limitations (Code Civ. Proc., § 340, subd. 3). The trial court sustained the demurrer without leave to amend and the parents appeal the judgment dismissing their cross-complaint.

Did the parents' cause of action for negligent infliction of emotional distress under *Dillon v. Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316], accrue at the time of the negligent act causing the emotional distress, or at some later time, when the resulting physical injury manifested itself?

 In resolving this question, we do not apply our Supreme Court's recent decision in *Molien v. Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916 [167 Cal.Rptr. 831, 616 P.2d 813], permitting recovery for

negligently inflicted emotional distress unaccompanied by physical injury. All the events and proceedings here occurred long before the *Molien* decision, and the parents based their cross-complaint on *Dillon*, which requires physical injury before a plaintiff can recover for negligently inflicted emotional distress. Under these circumstances, it would be inequitable to apply *Molien* here.

■ A cause of action in tort accrues when the wrongful act is committed and the last element essential to the cause of action has occurred (*Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 187 [98 Cal.Rptr. 837, 491 P.2d 421]; *Warrington v. Charles Pfizer & Co.* (1969) 274 Cal.App.2d 564, 566 [80 Cal.Rptr. 130]). "[T]he period cannot run before plaintiff possesses a true cause of action, by which we mean that events have developed to a point where plaintiff is entitled to a legal remedy,..." (*Davies v. Krasna* (1975) 14 Cal.3d 502, 513 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807].)

■ A cause of action under *Dillon* accrues when the physical manifestations of the emotional trauma first appear. Since *Dillon* requires a "direct emotional impact" from contemporaneous observance of injury to another (*Dillon v. Legg, supra*, 68 Cal.2d 728, 740), the plaintiff's emotional shock must necessarily occur at the time he observes the injury. Nevertheless, a plaintiff has no cause of action under *Dillon* unless the emotional distress produces physical consequences (*Krouse v. Graham* (1977) 19 Cal.3d 59, 75 [137 Cal.Rptr. 863, 562 P.2d 1022]; *Dillon v. Legg, supra*, 68 Cal.2d 728, 740). These physical effects may not appear immediately after the emotional trauma; indeed, in some cases, a significant period of time may elapse before physical consequences develop. Until the physical effects of the emotional distress appear, the last element essential to a *Dillon* cause of action has not occurred, and events have not developed to a point where the plaintiff is entitled to a legal remedy. The parents' cause of action did not accrue until the physical consequences of their emotional shock first manifested themselves.

■ A complaint is subject to demurrer on statute of limitations grounds only where the bar of the statute appears on the face of the complaint (*Pike v. Zadig* (1915) 171 Cal. 273, 277 [152 P. 923]; *Moya v. Northrup* (1970) 10 Cal.App.3d 276, 283 [88 Cal.Rptr. 783]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 812, p. 2421). Since the parents' cross-complaint does not allege when the physical effects of

their emotional trauma developed, the bar of the statute of limitations does not appear on the face of the cross-complaint, and the trial court should not have sustained Tropic's demurrer. If raised, the issue should be decided after answer.

The judgment is reversed.

Cologne, J., and Work, J., concurred.